**Willie Elvis WARREN, Jr., Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee,
at Nashville.

Feb. 6, 1992.

Permission to Appeal Denied by
Supreme Court May 11, 1992.

Thomas T. Woodall, Dickson, for appellant.

Charles W. Burson, Atty. Gen., Jeannie Kaess, Asst. Atty. Gen., Nashville, Dan Mitchum Alsobrooks, Dist. Atty. Gen., Charlotte, for appellee.

## OPINION

BYERS, Presiding Judge.

The appellant was convicted on a guilty plea on July 31, 1986. On June 9, 1990, he filed a *pro se* petition for post-conviction relief. Counsel was appointed. The petition was dismissed on August 14, 1990, because it had been filed more than three years after the conviction and was, therefore, barred by the three-year statute of limitations. T.C.A. § 40–30–102. This order was not appealed.

On February 21, 1991, the appellant filed a *pro se* "Petition for Granting of Leave to File Delayed Appeal" in which he argued the statute of limitations should not apply to this case. Counsel was again appointed. The trial court denied the petitioner's request for a delayed appeal, finding again that the original petition had not been timely.

The appellant now appeals both judgments, and asks this Court to waive the timely filing of the notice of appeal.

The judgment is affirmed.

The appellant alleged in his petition for a delayed appeal that his appointed counsel failed to inform him of the trial court's dismissal of his post-conviction petition, and failed to advise him of his right to appeal until the thirty-day appeal period had lapsed.

In such case, in the interest of justice, there being no evidence in the record to dispute appellant's claim, we shall waive the timely filing of the notice of appeal and agree to review the dismissal of his post-conviction petition. *State v. Scales*, 767 S.W.2d 157 (Tenn.1989).

The appellant argues his petition should not have been dismissed because the statute of limitations applies only to convictions which have been the subject of a direct appeal. He bases his argument on the specific wording of T.C.A. § 40–30–102, which provides:

A prisoner in custody under a sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action *of the highest state appellate court to which an appeal is taken* or consideration of such petition shall be barred. (emphasis added)

The reference to the appellate process, argues the appellant, limits the period for filing a post-conviction petition only for those who have previously utilized the appellate system, not those who have never asked for review of their initial conviction.

The purpose of the statute of limitations imposed by the legislature was not only to limit the number of times one convicted of a crime could ask to have his or her case reviewed, but also to impart finality to the judgments of the lower courts and prevent the guilty from going free because prosecutors could not reconstruct a case twenty or thirty years later.

If one convicted of a crime takes no action to perfect his right to appeal, the statute of limitations begins to run from the date of final conviction.

JONES and SUMMERS, JJ., concur.