IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1995 SESSION

FILED

September 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAIMIE K. LOVATO, | ) | |
| | ) | |
| Appellant, | ) | NO. 03C01-9410-CR-00375 |
| | ) | |
| | ) | GREENE COUNTY CRIMINAL |
| V. | ) | NO. C11793 |
| | ) | |
| | ) | HON. JAMES E. BECKNER, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | Post-Conviction |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

Paul G. Whetstone
502 North Jackson Street
Morristown, Tennessee 37814

FOR THE APPELLEE:

Charles W. Burson
Attorney General and Reporter

Christiana S. Shevalier
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0943

C. Berkeley Bell, Jr.
District Attorney General

Cecil Mills
Assistant District Attorney General
109 South Main Street, Suite 501
Greeneville, Tennessee 37743

OPINION FILED: _____

Affirmed

Lee Russell, Special Judge

**OPINION**

This is an appeal from the dismissal of a Petition for Post-Conviction Relief filed *pro se* by Jaimie K. Lovato ("Petitioner"). The Petition was dismissed by the trial judge without a hearing and without the appointment of counsel. The Order stated that the Petition was dismissed on the grounds that all issues raised had been previously determined or waived under Tennessee Code Annotated § 40-30-102 and that the Petition was time-barred under Tennessee Code Annotated § 40-30-102. The Petitioner has appealed the dismissal on the grounds that counsel should have been appointed and a full evidentiary hearing held on the Petition, on the grounds that the three year statute of limitation had not passed since final disposition of the Petitioner's previous Petition for Post-Conviction Relief, and on the grounds that the issues raised in the second Petition for Post-Conviction Relief were not previously determined or waived. We affirm the trial court.

The Petitioner was convicted on September 1, 1989, for a number of offenses, including aggravated rape, aggravated kidnapping, aggravated sexual battery, robbery, burglary, larceny, assault with intent to commit rape, armed robbery, simple possession of marijuana, criminal trespass, and prowling. The Petitioner waived his right to a trial by jury and entered a plea of guilty pursuant to a plea bargain agreement. There was no direct appeal from the plea of guilty. The Petitioner subsequently filed *pro se* a first Petition for Post-Conviction Relief, which was amended by counsel. This court affirmed the trial court's dismissal of the first Petition on January 28, 1992, in the case of *Jaimie K. Lovato v. State*, Greene County, C.C.A. No. 03C01-9108-CR-00244, Opinion filed January 28, 1992, at Knoxville. On May 18, 1992, the Tennessee Supreme Court denied the Petitioner's application for permission to appeal this court's judgment on the first Petition for Post-Conviction Relief.

The original post-conviction case raised two grounds for relief, first, that the Petitioner's pleas of guilty were involuntary, and second, that the Petitioner received

2

ineffective assistance of counsel. Both issues were based on the Petitioner's claim that his trial counsel incorrectly advised him that he was subject to the death penalty for armed robbery. No issue was raised in the first post-conviction proceeding about the Petitioner being under the influence of drugs at the first sentencing hearing. A full evidentiary hearing was conducted on the first application for post-conviction relief, and the trial judge found as follows:

> [Defense counsel in the original cases] advised the petitioner of all the charges against him; all his rights; all his options; the consequences of his actions; of all the evidence in the case; all procedures; all punishments. The death penalty was never discussed with him. No one objectively can look at this record and come to any conclusion other than these lawyers did everything that could be done in the representation of the petitioner and that the decisions and tactics were correct ones. . . [I]t appears that plea negotiations went on for a period of at least two months. And the lawyers were careful to advise the petitioner of all possibilities, punishments, options and make recommendations based upon the great efforts that had preceded the plea negotiations. But they were careful to leave the choice of whether to plead guilty or to go to trial to petitioner.

This Petitioner appealed the first denial of post-conviction relief to this court, and an opinion was filed on January 28, 1992. This court found that the Petitioner "received the benefit of very experienced counsel who diligently investigated all aspects of the cases and ably represented him in their preparation." This court agreed with the trial court that the Petitioner at his sentencing hearing "convincingly" testified that he understood the range of punishment to which he was exposed and he "convincingly and understandingly" confirmed the factual allegations against him. This court affirmed the trial court's dismissal of the first post-conviction proceeding, and the Petitioner filed for permission to appeal to the Tennessee Supreme Court. As previously stated, the Supreme Court denied that application on May 18, 1992.

The Petitioner filed the instant Petition, his second petition, on May 4, 1994. He also filed a Motion to Proceed *in Forma Pauperis* and a Memorandum of Law in support of his Petition. The State filed its Answer on June 6, 1994. On September 6, 1994, the trial court dismissed the second Petition for Post-Conviction Relief as being time-barred and as raising issues that had previously been determined or were waived. The Petitioner subsequently filed a Motion for Appointment of Counsel, and one was

3

appointed. Notice of Appeal was filed on September 27, 1994.

Tennessee Code Annotated § 40-30-102 prior to its repeal in 1995 stated that a prisoner in custody in Tennessee "must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred." The Petitioner argues that the three year period began to run on May 18, 1992, when the Supreme Court denied permission to appeal the denial of the first post-conviction proceeding. If that were the correct time from which to calculate the three year period, the second application would in fact have been timely filed. The State, however, argues that the three year time period began to run as soon as the original conviction became a final judgment, that original conviction not having been appealed. If the State is correct as to the date on which the three years began to run, then the second Petition for Post-Conviction Relief was not timely filed. This court has previously held that the three year time period begins to run from the date of judgments of conviction when the defendant did not take a direct appeal of his or her conviction. See *Warren v. State,* 833 S.W.2d 101, 102 (Tenn. Crim. App. 1992), *perm. app. denied* (Tenn. 1992). Therefore this second application for post-conviction relief was not timely filed.

Tennessee Code Annotated § 40-30-109(a)(1) provided before its repeal that when a post-conviction petition "has been competently drafted and all pleadings, files, and records of the case which are before the court conclusively show that the petitioner is entitled to no relief, the court may order the petition dismissed." In *Baxter v. Rose,* our Supreme Court stated that "the allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 523 S.W.2d 930, 939 (Tenn. 1975). "When a colorable claim is presented in a *pro se* petition, dismissal without appointment of counsel to draft a competent petition is rarely proper." *Swanson v. State,* 749 S.W.2d 731, 734 (Tenn. 1988). A colorable claim is one that alleges facts showing that the conviction resulted from an abridgement of a constitutional right and which demonstrates that the ground for

4

relief was not previously determined or waived. See *State v.Smith,* 814 S.W.2d 45, 49 (Tenn. 1991); *Arthur v. State*, 483 S.W.2d 95, 96 (Tenn. 1972). "If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson*, 749 S.W.2d at 734. However, when a petition has been competently drafted, and conclusively shows that the petitioner is entitled to no relief, the court may order the petition dismissed without the appointment of counsel and without an evidentiary hearing. T.C.A. § 40-30-109(a)(1). See also *Swanson, 749 S.W.2d at 734; Givens v. State,* 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985). A clear but patently non-meritorious petition may be dismissed summarily, without the appointment of counsel, much less an evidentiary hearing. See *Martucci v. State,* 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993). However, the court must look to the substance rather than the form of the petition, and no petition should be dismissed for technical defects, incompleteness, or lack of clarity until the petitioner has had reasonable opportunity, with the aid of counsel, to file amendments.

The Petition in this case appears to be competently drafted. The Petition and the record available to the trial judge provided him with all of the factual information necessary to ascertain that the limitations period set out in Tennessee Code Annotated § 40-30-102 had expired. This court has held that a trial judge may without the appointment of counsel and without an evidentiary hearing dismiss a post-conviction petition on the grounds that the limitations period established by Tennessee Code Annotated § 40-30-102 has expired because a failure to file timely is not a technical defect and does not result from lack of clarity or incompleteness. See *Frederick v. State,* 906 S.W.2d 927, 930 (Tenn. Crim. App. 1993).

The trial court's dismissal of the Petition for Post-Conviction Relief is affirmed on the basis of the failure to file for relief within the time allowed by law. It therefore is not necessary to reach the Appellant's final grounds for appeal.

5

_____
_____LEE RUSSELL, SPECIAL JUDGE


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE