# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

**FILED**

**January 30, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **RICHARD LEE YOUNG,** | ) | |
| | ) | NO. 02C01-9703-CR-00130 |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CAROLYN WADE** |
| | ) | **BLACKETT, JUDGE** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**RICHARD LEE YOUNG,** *pro se*
Register Number 101867
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN 38041-1000

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SARAH M. BRANCH**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**RHEA CLIFT**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

The petitioner, Richard Lee Young, appeals the order of the Criminal Court of Shelby County dismissing his petition for post-conviction relief. Petitioner alleged that his indictment for first degree murder was void for failure to state the appropriate *mens rea*. The trial court dismissed the petition without an evidentiary hearing finding the petition was barred by the statute of limitations. The judgment of the trial court is affirmed.

### I.

In November 1983, the petitioner pled guilty to first degree murder, aggravated kidnapping and two (2) counts of robbery with a deadly weapon. He received an effective sentence of life imprisonment plus ten (10) years. On December 11, 1996, petitioner filed a petition for post-conviction relief alleging his indictment for first degree murder was fatally defective and, therefore, his conviction was void. The trial court dismissed the petition holding it was barred by the statute of limitations. Petitioner now appeals the dismissal of his petition for post-conviction relief.

### II.

This case is controlled by the new Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-201 et seq., as the petition for relief was filed after May 10, 1995.

Prior to the adoption of the recent Post-Conviction Procedure Act, such petitions had to be filed within three (3) years of the date of the final action of the highest state appellate court to which an appeal was taken. Tenn. Code Ann. § 40-30-102 (repealed by 1995 Tenn. Pub. Act 207 § 1). The statute of limitations normally begins to run on the date of a guilty plea when an appeal is waived. Warren v. State, 833 S.W.2d 101, 102 (Tenn. Crim. App. 1992). Petitioner's guilty plea was entered in November 1983. However, as a result of this Court's

2

decision in <u>Abston v. State</u>, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988), the statute for the petitioner began to run July 1, 1986, and expired July 1, 1989. Consequently, the petition for post-conviction relief is barred by the statute of limitations. The limitations period was not revived by the new Post-Conviction Procedure Act. *See* <u>Carter v. State</u>, ___S.W.2d___ (Tenn. 1997).

### III.

Furthermore, this petitioner has filed a previous petition for post-conviction relief. The Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(c). A petitioner may file to re-open the petition under limited circumstances. Tenn. Code Ann. § 40-30-217(a). However, petitioner alleges none of the recognized grounds to justify such a motion.

### IV.

Finally, we address petitioner's allegation that the indictment was void for failing to allege the proper *mens rea*. The indictment alleged that petitioner "did unlawfully, feloniously, wilfully, deliberately, maliciously and premeditatedly" murder the victim. The indictment is sufficient. *See* <u>Hill v. State</u>, ___S.W.2d___ (Tenn. 1997).

The judgment of the trial court is affirmed.

                            _____

                            **JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**