# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JANUARY 1998 SESSION

FILED

February 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| LAKEITH O. LIGHTFOOT, | ) | |
| | ) | NO. 02C01-9703-CR-00129 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. ARTHUR T. BENNETT, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |


**FOR THE APPELLANT:**

D. TYLER KELLY
213 E. Lafayette
Jackson, TN  38301-6217


**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

KENNETH W. RUCKER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

WILLIAM L. GIBBONS
District Attorney General

PERRY S. HAYES
Assistant District Attorney General
201 Poplar Street, Ste. 301
Memphis, TN  38103-1947


**OPINION FILED:** _____


**REMANDED**


**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

In this post-conviction case the sole issue is whether the petitioner filed his petition for post-conviction relief within the one-year statute of limitations. Since the record does not reveal whether or not the *pro se* petitioner delivered the petition to the appropriate prison authority for mailing within the statute of limitations, we remand for further proceedings.

**I**

Petitioner, Lakeith O. Lightfoot, on January 29, 1996, entered a guilty plea to second degree murder and received a sentence of 30 years as a Range II Multiple Offender. The plea of guilty and sentence were the result of a plea agreement.

A petition for post-conviction relief was filed in the trial court on January 30, 1997. The petition alleges the guilty plea was unintelligently and involuntarily entered and was the product of ineffective assistance of counsel. The petition reveals that it was executed and sworn to on January 24, 1997, when petitioner was an inmate at Northwest Correction Center in Lake County, Tennessee.

The trial court summarily dismissed the petition since it was filed one (1) day beyond the one-year statute of limitations.

**II**

This matter is governed by the Post-Conviction Procedure Act of 1995. *See* Tenn. Code Ann. § 40-30-201 Compiler's Notes. This legislation provides that, with certain exceptions not applicable here, a petition for post-conviction relief must be filed within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-202(a).

The state contends the petition was filed one (1) day beyond the statute of limitations and was properly dismissed by the trial court. Petitioner argues that the judgment did not become final until 30 days after the entry of the guilty plea, thereby making the petition timely filed. Furthermore, the defendant contends the petition was timely filed by delivering the petition into the hands of the appropriate prison official for mailing.

## III

Petitioner firstly contends that his judgment of conviction did not become final until thirty (30) days after it was entered. We disagree. Defendant's guilty plea was entered pursuant to a plea agreement in which the petitioner accepted the recommended sentence of thirty (30) years and waived his right to appeal. Upon waiving his right to appeal on the day of entry of the guilty plea, the judgment became final and the statute of limitations began to run. *See* <u>Passarella v. State</u>, 891 S.W.2d 619, 624 (Tenn. Crim. App. 1994); <u>Warren v. State</u>, 833 S.W.2d 101, 102 (Tenn. Crim. App. 1992). Accordingly, the statute of limitations began to run January 29, 1996, and expired January 29, 1997.

## IV

Petitioner contends his petition was timely filed since it was delivered to appropriate prison officials for mailing prior to January 30, 1997. The state correctly notes the record does not reflect the date the petition was delivered to prison officials.

The Post-Conviction Procedure Act itself does not make any allowances for inmates with regard to the statute of limitations. However, the Supreme Court of Tennessee, pursuant to Tenn. Code Ann. § 40-30-218, enacted rules of practice and procedure governing post-conviction matters. Sup. Ct. Rules, Rule 28. These rules provide that a post-conviction petition filed by a *pro se* petitioner who is

incarcerated is deemed to be filed on the date it is received by the appropriate prison authorities for mailing. Sup. Ct. Rules, Rule 28, § 2(G).[1]  Therefore, as the state concedes, this petition was timely filed if it was delivered to the appropriate prison official for mailing prior to January 30, 1997.

V

Unfortunately, the record does not contain any kind of certification that the petition was delivered to a prison official for mailing. Nevertheless, we note that the petition was actually filed by the criminal court clerk in Shelby County on January 30th, yet executed by the petitioner at Northwest Correction Center in Lake County, Tennessee, on January 24th. Although it is most likely that the petition was timely delivered to prison authorities and mailed within the statute of limitations, it is theoretically possible that the petition was given to someone other than a prison official and hand delivered to the clerk.

We conclude that the petitioner should be given the opportunity to establish whether or not the petition was delivered to the appropriate prison official for mailing within the statute of limitations.  If so, the petitioner should be allowed to proceed. If not, the trial court should make the appropriate findings and dismiss the petition.

This case is REMANDED to the trial court for further proceedings consistent with this opinion.

---

[1]Effective July 1, 1997, Tenn. R. Crim. P. 49(c) provides that post-conviction relief petitions of *pro se* litigants incarcerated in a correctional facility are deemed timely filed if delivered to the appropriate individual at the correctional facility within the time fixed for filing. *See also* Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), holding that the notice of appeal required by Fed. R. App. P. 4 (a)(1) is considered filed by a *pro se* inmate upon delivery to prison authorities.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**


_____
**PAUL G. SUMMERS, JUDGE**