# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1998

FILED

March 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID ALBERT BARGER, | ) | C.C.A. NO. 03C01-9705-CR-00192 |
| | ) | |
| Appellant, | ) | |
| | ) | GREENE COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JAMES E. BECKNER, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**DAVID ALBERT BARGER,** *pro se*        **JOHN KNOX WALKUP**
#118579, N.E.C.C.                     Attorney General & Reporter
P.O. Box 5000
Mountain City, TN  37683-5000         **MICHAEL J. FAHEY, II**
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243

                                      **C. BERKELEY BELL, JR.**
                                      District Attorney General
                                      109 Main Street
                                      Greeneville, TN  37743

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Petitioner, David Barger, appeals the denial of his petition for post-conviction relief. Petitioner pled guilty to the offenses of armed robbery on September 18, 1987, and no direct appeal from that plea was made. On January 15, 1997, Petitioner filed a petition for post-conviction relief on the grounds of ineffective assistance of counsel resulting in an involuntary guilty plea. The trial court dismissed the petition without a hearing because it was filed outside the statute of limitations. Petitioner appeals on the basis that the late-filed petition is an exception under Burford v. State, 845 S.W.2d 204 (Tenn. 1992). We affirm the judgment of the trial court.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

As the date of Petitioner's guilty plea was September 18, 1987, the former Post-Conviction Procedure Act applies to his petition for post-conviction relief. See Tenn. Code Ann. § 40-30-101 (repealed 1995). Under the provisions of Tennessee Code Annotated section 40-30-102, post-conviction relief must be applied for within three (3) years of the date final action of the highest state appellate court to which an appeal is taken or within three (3) years of a guilty plea if no appeal is taken, or

consideration of such petition shall be barred.  See Warren v. State, 833 S.W.2d 101 (Tenn. Crim. App. 1992).  Petitioner's post-conviction claims expired on September 18, 1990.

Petitioner asserts that his claim is an exception under Burford.  Under Burford, our supreme court held that a late-filed petition for post-conviction relief may be allowed if the statute of limitations violates due process as applied to that petitioner when the government's interest in administrative efficiency and economy does not outweigh the petitioner's interest  and there is nothing stale or fraudulent regarding petitioner's claim.  Burford, 845 S.W.2d 209-210.  The trial court's findings regarding the facts of the guilty plea hearing are conclusive, and Petitioner has failed to allege any interests which would allow the exception to the statute of limitations under Burford.

Furthermore, there is no evidence in the  record of any exception under Tennessee Code Annotated section 40-30-202(b)(1997 Repl.).  Petitioner has failed to present any proof which preponderates against the trial court's finding  that the statute of limitations bars Petitioner's petition for post-conviction relief.  This issue is without merit.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JERRY L. SMITH, Judge


_____
WILLIAM B. ACREE, JR., Special Judge