IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1997 SESSION

FILED

October 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RALPH DEAN PURKEY, | ) | C.C.A. NO. 03C01-9607-CC-00257 |
| | ) | |
| Petitioner/Appellant | ) | COCKE COUNTY |
| | ) | |
| v. | ) | HON. REX HENRY OGLE, |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | POST CONVICTION |
| Respondent/Appellee | ) | |

FOR THE APPELLANT

Charles R. Ray, Esq.
211 Third Avenue North
P.O. Box 198288
Nashville, TN 37219

FOR THE APPELLEE

Charles W. Burson
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

This is an appeal from the summary dismissal of a petition for post-conviction relief.

On September 25, 1986, the defendant was convicted of grand larceny, concealing stolen property, and being a habitual criminal. He was sentenced to serve 10 years on the grand larceny and concealing stolen property convictions, and a mandatory life sentence on the habitual criminal conviction. The sentences were ordered to be served concurrently. The trial court's judgment became final on November 30, 1986.

The defendant's trial counsel timely moved for a new trial, but the motion was dismissed because of the defendant's escape status. The defendant took no appeal of the convictions. Since his return to custody, the defendant has filed three (3) *pro se* petitions for post-conviction relief, each of which was summarily dismissed as falling outside the applicable statute of limitations.

This third petition for post-conviction relief was filed May 10, 1996 and dismissed May 28, 1996. The defendant's post-conviction counsel raises the following issue on appeal:

> I.    Whether the trial court erred by dismissing the petition for post-conviction relief, as being barred by the applicable statute of limitations, without the opportunity for a full and fair hearing on the merits.

The judgment of the trial court is affirmed.

Under the law in effect when the defendant was convicted,

> "A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102 (repealed by 1995 Tenn. Pub. Act 207, Section 1).

The trial court's judgment became final on November 30, 1986, and the defendant took no appeal of the convictions. Therefore, the defendant's opportunity to petition for post-conviction relief expired three years later, on November 30, 1989. *See Rickie J. Wallen v. State,* No. 03C01-9601-CC-00039, Sullivan County (Tenn.

Crim. App. Jan. 9, 1997), *app. filed* (Tenn. Feb. 5, 1997); *Warren v. State,* 833 S.W.2d 101 (Tenn. Crim. App. 1992), *appeal denied* (Tenn. May 11, 1992) (both cases holding that the three year statute of limitations for post-conviction relief begins to run from the date of final conviction if no action to perfect the right to appeal is taken).

Since the defendant's petition was not timely filed under Tenn. Code Ann. § 40-30-102, the trial judge properly dismissed it.

In contesting this conclusion, the defendant argues that the recent decision of this Court in *Arnold Carter v. State,* No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App. July 11, 1996), *app. granted* (Tenn. Dec. 2, 1996), affords him relief. In *Carter*, a panel of this Court, with Judge Welles dissenting, construed the new Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-201 (1996 Supp.), as providing a "one-year window" during which any defendant could file a post-conviction petition. The case held that the one-year window is available even if the petition would have been barred by the three year statute of limitations allowed under the previous Act.

However, the Supreme Court recently resolved this issue and held that "petitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief." *Carter v. State,* ___ S.W.2d ___ (Tenn. 1997) (filed Sept. 8, 1997, at Knoxville). Interpreting the new Act, the Supreme Court explained: "We agree with the view that the statute was intended to restrict the time and opportunity to seek post-conviction relief. Clearly, this purpose is not served by a statutory construction that allows additional time and opportunity for petitioners whose claims are already barred by the prior statute of limitations." *Id.* Therefore, the defendant's issue on appeal has no merit.

The trial court's dismissal of the petition was proper and we affirm the judgment below.

_____
                                        John K. Byers, Senior Judge

-3-

CONCUR:

_____
David H. Welles, Judge

-4-

_____
Thomas T. Woodall, Judge