IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1997

FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ANTHONY DEWAYNE PARKER, | ) | C.C.A. NO. 02C01-9605-CR-00146 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JOSEPH B. DAILEY, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

**ANTHONY DEWAYNE PARKER**
Reg. #13620-076
F.C.I., Memphis
P.O. Box 34550
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**M. ALLISON THOMPSON**
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**JAMES MORTON LAMMEY, JR.**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Anthony Dewayne Parker, appeals the order of the Shelby County Criminal Court dismissing his *pro se* petition for post-conviction relief. In this appeal, Petitioner raises numerous issues which can collectively be summarized as challenging the trial court's ruling that the petition for post-conviction relief is time-barred. The Petitioner's primary argument is that the Post-Conviction Procedure Act that became effective May 10, 1995, gives him a new one-year time period in which to file a Petition for Post-Conviction Relief. After a review of the record, we affirm the lower court's denial of post-conviction relief.

Petitioner pled guilty and was convicted of the following offenses on the following dates: Shooting a Missile Calculated to Produce Bodily Harm or Death, convicted on March 6, 1986; Robbery with a Deadly Weapon, convicted on August 7, 1989; Unlawful Possession of a Sawed-Off Shotgun, convicted on August 7, 1989; Assault with Intent to Commit Robbery with a Deadly Weapon, convicted on August 7, 1989; and Assault to Murder in the First Degree, convicted on August 7, 1989. On March 5, 1996, Petitioner filed a Petition for Post-Conviction Relief and Certiorari on Direct Review. The trial court subsequently dismissed the petition as being barred by the three-year statute of limitations.

The record supports the trial court's finding that the petition is time- barred. In July 1986, the Tennessee Legislature enacted a three-year statute of limitations on post-conviction petitions. Tenn. Code Ann. § 40-30-102 (repealed 1995); see also Passarella v. State, 891 S.W.2d 619, 624 (Tenn. Crim. App.),

perm. to appeal denied, (Tenn. Nov. 28, 1994). Petitioner's convictions and sentences were effective on March 6, 1986 and August 7, 1989, and he did not appeal any of the convictions. Under the 1986 statute, Petitioner had 3 years from July 1, 1986, to file a cognizable claim for post-conviction relief of the 1986 conviction. Tenn. Code Ann. § 40-30-102 (repealed 1995). Furthermore, since Petitioner did not appeal the 1989 convictions, he had three years from August 7, 1989 to petition for post-conviction relief. See Warren v. State, 833 S.W.2d 101, 102 (Tenn. Crim. App. 1992). The three-year period ended on August 7, 1992. Petitioner did not file his petition for both the 1986 and 1989 convictions until March 5, 1996, well past the three-year statute of limitations. Thus, the Petitioner is barred from seeking post-conviction relief for the 1986 and 1989 convictions.

Petitioner argues that the new Post-Conviction Procedure Act, effective May 10, 1995, grants an additional one-year period, until May 10, 1996, for him to file a post-conviction petition. However, in Arnold Carter v. State, our supreme court held: "petitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief." ____ S.W.2d _____, No. 03-S-01-9612-CR-00117, slip op. at 2 (Tenn., at Knoxville, Sept. 8, 1997).

Accordingly, we affirm the judgment of the trial court and hold that the Petitioner's petition for post-conviction relief is time-barred by the applicable three-year statute of limitations.

_____

THOMAS T. WOODALL, Judge

-4-

CONCUR:


_____
GARY R. WADE, Judge


_____
JOHN H. PEAY, Judge