IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1999 SESSION

FILED

July 1, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES RICHARD ROMINE,** | ) | |
| | ) | C.C.A. No. 01C01-9805-CC-00211 |
| Appellant, | ) | |
| | ) | Lincoln County |
| V. | ) | |
| | ) | Honorable Charles Lee, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:     FOR THE APPELLEE:

CLIFFORD K. McGOWN, JR.          JOHN KNOX WALKUP
113 North Court Square           Attorney General and Reporter
P. O. Box 26
Waverly, TN  37185               MARVIN E. CLEMENTS, JR.
(On appeal only)                 Assistant Attorney General
                                 425 Fifth Avenue North
                                 2d Floor, Cordell Hull Building
                                 Nashville, TN  37243

                                 W. MICHAEL McCOWN
                                 District Attorney General

                                 WEAKLEY E. BARNARD
                                 Assistant District Attorney General
                                 17th Judicial District
                                 P. O. Box 878
                                 Fayetteville, TN  37334

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, James Richard Romine, appeals from the trial court's dismissing his claim for post-conviction relief. In the Lincoln County Circuit Court, Romine pleaded guilty to second degree murder and is presently serving a sentence of twenty years in the Tennessee Department of Correction. He is ineligible for release until he completes eighty-five percent of that sentence. The petitioner filed a petition for post-conviction relief, claiming ineffective assistance of counsel, and the post-conviction court, finding that the pertinent statute of limitations barred the claim, dismissed the petition. We AFFIRM the trial court's dismissal.

## BACKGROUND

The petitioner's date of birth was March 18, 1979, and he was seventeen years of age on April 16, 1996, when he entered his plea of guilty to second degree murder. In March of 1998, the petitioner filed his petition for post-conviction relief. The post-conviction court dismissed the petition because the one-year statute of limitations had expired, and that court appointed counsel[1] for the petitioner's subsequent appeal.

## ANALYSIS

The petitioner asserts that "the trial court err[ed] in dismissing [his] Petition for Post-Conviction Relief based upon the applicable statute of limitations." The Code establishes both the pertinent statute of limitations and the exceptions to that statute:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief . . . within one (1) year of the date on which the judgment becomes final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason . . . . Time is of the essence of the right to file

---

[1] The District Public Defender's Office represented the petitioner prior to his post-conviction appeal.

> a petition . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.

Tenn. Code Ann § 40-30-202(a). "No court has jurisdiction to consider a petition filed after this time" unless either (1) a final ruling by an appellate court establishes a new constitutional right that requires retrospective application; or (2) the petition asserts a claim based on pertinent new scientific evidence; or (3) certain circumstances involving an enhancement based on a prior conviction exist in the case.

Upon waiving his right to appeal on the day of his guilty plea, the judgment became final, and the statute of limitations began to run. See Passarella v. State, 891 S.W.2d 619, 624 (Tenn. Crim. App. 1994); Warren v. State, 833 S.W.2d 101, 102 (Tenn. Crim. App. 1992). Accordingly, the statute of limitations began to run on April 16, 1996 and expired on April 16, 1997. The petitioner admits that his age during the initial portion of his confinement is irrelevant under the applicable statute. Compare Tenn. Code Ann. § 40-30-202(a)-(b) with State v. David Wayne Britt, No. 02C01-9410-CC-00234 (Tenn. Crim. App. July 25, 1995, filed at Jackson) ( A panel of the Court recognized that the applicable statute at that time tolled the statute of limitations until a minor reached the age of majority.).[2]

However, the petitioner asserts that he was "held in what amounted to isolation during his minority" and therefore could not learn about post-conviction relief procedures from adult inmates. He further asserts that "youthfulness and lack of maturity on his part" merit this Court's ignoring the statute of limitations and remanding the cause for a hearing. We disagree because the petitioner does not qualify his claim as any of the three possible exceptions.

---

[2] See Karn Tom Thongkumgool v. State, No. 01C01-9707-CR-00281 (Tenn. Crim. App. April 9, 1998, filed at Nashville) (Rule 20 opinion concluding that the Code no longer precludes tolling of the statute of limitations for a minor petitioner.).

He identifies neither circumstances involving enhancement by a prior conviction nor new scientific evidence establishing his innocence. Regarding the remaining basis for possible exception to the statute, the right in question must be "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of the plea," Tenn. Code Ann. § 40-30-202(b)(1), and "not on a claim that the appellant did not know this constitutional right existed at the time of his plea," Pete Smith v. State, No. 03C01-9805-CR-00182 (Tenn. Crim. App. April 30, 1999, filed at Knoxville). Ignorance of the law, even if a person is ignorant of a right to appeal from a conviction, does not toll the statute. See Passarella v. State, 891 S.W.2d 619, 625 (Tenn. Crim. App. 1994) (The statute of limitations is not affected by when a petitioner "learns" that his constitutional rights might have been violated.); Donnie Carpenter v. State, No. 01C01-9703-CC-00114 (Tenn. Crim. App. Dec. 17, 1997, filed in Nashville); Bernard Nelson v. State, No. 01C01-9212-CC-00375 (Tenn. Crim. App. Nov. 18, 1993 filed at Nashville) ("[I]lliteracy, ignorance, and difficulty in obtaining assistance while incarcerated" does not toll the statute of limitations.); Melvin Douglas Boyle v. State, No. 02C01-9201-CC-00003, (Tenn. Crim. App. November 18, 1992, filed at Jackson) (Lack of legal materials does not toll the statute of limitations.).

"Legislative intent and purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, without a forced or subtle construction that would limit or extend the meaning of the language," Tuggle v. Allright Parking Sys., Inc, 922 S.,W.2d 105, 107 (Tenn. 1996), and no authority cited by the petitioner compels this Court's contravening the plain language of the applicable statute.

**CONCLUSION**

The judgment below is AFFIRMED.

-5-

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JAMES CURWOOD WITT, JR., Judge