IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 31, 1998 SESSION



FILED

August 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9802-CR-00040 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. W. FRED AXLEY, |
| QUENTIN L. HALL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Motion to Withdraw Guilty Plea) |

**FOR THE APPELLANT:**

A. C. WHARTON
Shelby County Public Defender

WALKER GWINN
Assistant Public Defender
201 Poplar Avenue, Ste. 201
Memphis, TN 38103-1947

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

EDGAR A. PETERSON, IV
Assistant District Attorney General
Criminal Justice Complex
201 Poplar Avenue, Ste. 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

## **O P I N I O N**

Defendant, Quentin L. Hall, appeals the order of the Criminal Court of Shelby County denying his request to withdraw his guilty plea to first degree murder. The plea was entered pursuant to a plea agreement, and defendant received a life sentence. Since the judgment became final on the date of entry of the plea of guilty pursuant to a plea agreement, we conclude the motion to withdraw filed thereafter was untimely. Accordingly, we affirm the judgment of the trial court.

## **PROCEDURAL HISTORY**

On November 18, 1996, the defendant, pursuant to a plea agreement, entered a guilty plea to first degree murder and received a sentence of life with the possibility of parole. The petition for acceptance of the plea, signed by the defendant, specifically waives the right to appeal. Likewise, the order which accepted the petition noted the waiver of appeal by the defendant. In accordance with the plea agreement, the trial court sentenced the defendant on the same date.

On December 16, 1996, defendant filed a motion to withdraw his guilty plea pursuant to Tenn. R. Crim. P. 32(f). He alleged the withdrawal was necessary to prevent "manifest injustice." The record reflects that no evidentiary hearing was conducted. Instead, the parties relied upon the guilty plea transcript and two (2) prior psychological evaluations.

On January 13, 1998, the trial court entered an order denying the motion to withdraw.[1] The trial court found nothing in the record to indicate a lack of mental capacity to enter the plea. This appeal followed.

## **UNTIMELY FILING OF MOTION TO WITHDRAW GUILTY PLEA**

The withdrawal of a guilty plea is controlled by Tenn. R. Crim. P. 32(f), which

---

[1]The record is silent as to the reason for the lengthy delay between the filing of the motion and the order denying the motion.

provides as follows:

> Withdrawal of Plea of Guilty. - A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court <u>after sentence, but before the judgment becomes final</u>, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

(emphasis added). Thus, a motion to withdraw is appropriate only prior to sentencing based upon "any fair and just reason" or after sentence, but before the judgment becomes final, "to correct manifest injustice." The Tennessee rule does not authorize a motion to withdraw a guilty plea after a judgment has become final.

In this case the defendant pled guilty pursuant to a plea agreement and waived his right to appeal. Upon waiving his right to appeal on the date of entry of the guilty plea and judgment of conviction, the judgment became final that day. *See* <u>Passarella v. State</u>, 891 S.W.2d 619, 624 (Tenn. Crim. App. 1994); <u>Warren v. State</u>, 833 S.W.2d 101, 102 (Tenn. Crim. App. 1992); <u>Lakeith O. Lightfoot v. State</u>, C.C.A. No. 02C01-9703-CR-00129, Shelby County (Tenn. Crim. App. filed February 18, 1998, at Jackson).[2] There is generally no right of appeal from a guilty plea entered pursuant to a plea agreement. *See* Tenn. R. Crim. P. 37(b). The only exceptions are set forth in Tenn. R. Crim. P. 37(b)(2) (i)-(iv). None of these exceptions applies here. The plea of guilty, waiver of appeal and sentence, all entered November 18, 1996, made the judgment final that day.

We, therefore, conclude a motion to withdraw a guilty plea is inappropriate for a guilty plea entered pursuant to a plea agreement except for guilty pleas under the limited exceptions set forth in Tenn. R. Crim. P. 37(b)(2) (i)-(iv). Since a judgment immediately becomes final upon a waiver of appeal, the only avenue of

---

[2]<u>Passarella</u>, <u>Warren</u> and <u>Lightfoot</u> all relate to the finality of judgments for purposes of calculating the statute of limitations for post-conviction petitions.

3

relief available to a defendant in such a situation is through post-conviction proceedings. *See* Tenn. Code Ann. § 40-30-201 et seq.[3]

## MANIFEST INJUSTICE

We also will address the motion to withdraw on its merits since the matter may be appealed to the Tennessee Supreme Court.

Although there was no evidentiary hearing on the motion to withdraw the guilty plea, the trial court had before it the transcript of the guilty plea. The trial court concluded that the transcript gave no indication of mental impairment or a lack of understanding by the defendant. We reach the same conclusion based upon our review of the transcript.

In addition, the trial court had before it two (2) psychological evaluations. One evaluation indicated that the defendant functioned within the mildly mentally retarded range, yet found no evidence to indicate he was committable to an institution. A subsequent evaluation found that he had the mental capacity to understand the nature of the legal process, to understand the charges and their potential consequences, and the capacity to confer with counsel and participate in his defense. Again, we agree with the trial court's conclusion that "there is nothing . . . to indicate that the defendant executed anything other than a competent, voluntary waiver."

---

[3]This motion was not treated as a petition for post-conviction relief by the trial court nor by the parties. Nor will it be treated as such by this Court. The trial court considered the motion to withdraw on its merits and did not dismiss it on the basis of untimely filing as determined by this Court. Furthermore, although the motion was filed in December 1996, the order of dismissal was not entered until January 1998. As stated, defendant's only possible relief is through post-conviction. To complicate matters further, the Public Defender represented the defendant at the time of the plea, the motion to withdraw the guilty plea and on this appeal. On this appeal the Public Defender alleges in the brief that "[n]either the defense counsel [Public Defender] nor the court explained to Hall... that a life sentence with the possibility of parole would mean a sentence... for at least 51 years under our law." (emphasis added). It is, therefore, apparent that the Public Defender should not represent defendant in any attempt to seek post-conviction relief. We voice no opinion as to any possible future litigation.

4

In summary, the defendant has not met his burden of establishing that the plea of guilty should be withdrawn to prevent "manifest injustice." *See* State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995).

## CONCLUSION

For the above reasons, we affirm the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID G. HAYES, JUDGE**