# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### AUGUST 1999 SESSION

FILED

October 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9810-CR-00373 |
| Appellee, | * | CAMPBELL COUNTY |
| VS. | * | Honorable Lee Asbury, Judge |
| **JOHNNY LEACH.** | * | (Aggravated Sexual Battery--Two Counts) |
| Appellant. | * | |

FOR THE APPELLANT:

ANTHONY M. AVERY
607 Market Street, 8th Floor
Knoxville, TN 37902

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM PAUL PHILLIPS
District Attorney General

MICHAEL OLIN RIPLEY
Assistant District Attorney
P. O. Box 323
Jonesboro, TN 37757

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Johnny Leach, appeals the order of the Criminal Court of Campbell County denying his request to withdraw his guilty plea to two counts of aggravated sexual battery. On July 2, 1998, the defendant entered his plea and received two ten-year sentences to be served concurrently. Because the defendant's plea became final on the date of entry of the plea pursuant to the plea agreement, we conclude that his motion to withdraw was untimely. Accordingly, we AFFIRM the judgment of the trial court.

## PROCEDURAL HISTORY

Pursuant to a plea agreement on July 2, 1998, the defendant entered a guilty plea to two counts of aggravated sexual battery and received two ten-year sentences to be served concurrently. In the defendant's petition for acceptance of this plea, the defendant specifically waived his right to appeal any non-jurisdictional defects. The trial court sentenced the defendant on the date the plea was entered.

On July 21, 1998, the defendant filed a motion to withdraw his guilty plea, pursuant to Tenn. R. Crim. P. 32(f), alleging that withdrawal was necessary to avoid "manifest injustice." On August 21, 1998, the trial court conducted an evidentiary hearing and, finding no basis for "manifest injustice," denied defendant's motion by written order on September 8, 1998. This appeal followed.

### Analysis

*Untimely Filing of Motion to Withdraw Guilty Plea*

The withdrawal of a guilty plea is specifically controlled by Tenn. R. Crim. P. 32(f), which provides:

Withdrawal of Plea of Guilty.--A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Thus, while the Tennessee rule provides for both withdrawal prior to sentencing and withdrawal after sentencing but before final judgment, it does not authorize withdrawal after final judgment. See State v. Hall, 983 S.W. 2d 710, 711 (Tenn. Crim. App. 1998).

In this case, when the defendant pled guilty and waived his right to appeal, the judgment became final that same day when his sentence was imposed. See id. at 711; Passarella v. State, 891 S.W. 2d 619, 624 (Tenn. Crim. App. 1994); Warren v. State, 833 S.W. 2d 101, 102 (Tenn. Crim. App. 1992); see also Lakeith O. Lightfoot v. State, No. 02C01-9703-CR-00129 (Tenn. Crim. App. filed February 18, 1998, at Jackson). Further, we note that generally no right of appeal exists from a guilty plea entered pursuant to a plea agreement, see Tenn. R. Crim. P. 37(b), and that the exceptions set forth in Tenn. R. Crim. P. 37(b)(2)(I)-(iv) are inapplicable in this case. Therefore, the plea of guilty, waiver of appeal and sentence, all entered July 2, 1998, made judgment final that day. See Hall, 983 S.W. 2d at 711. For this reason, we conclude that the defendant's motion to withdraw his guilty plea was untimely.

*Manifest Injustice*

Reviewing the merits of the defendant's motion to withdraw, we likewise affirm the trial court's denial. The decision to grant a motion to withdraw rests in the sound discretion of the trial court and is therefore not subject to reversal absent a clear abuse of discretion. See State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986). Applying this standard, we find that the defendant has failed to met his burden of establishing that the plea of guilty should be

-3-

withdrawn to prevent "manifest injustice," see State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995), and that the trial court did not abuse its discretion.

The trial court held an evidentiary hearing on August 21, 1988, in consideration of the defendant's motion and made the following findings:

(1) The defendant has failed to meet the required burden of proof, failing to establish that the guilty plea should be withdrawn to prevent manifest injustice.
(2) The defendant failed to establish that his "best interest" plea of guilty was entered due to coercion, fraud, duress, or mistake, fear, gross misrepresentation by the State, any withholding of material exculpatory evidence by the State which influenced the entry of the plea.
(3) The defendant's original guilty plea was voluntary, understandingly and knowingly entered, with the assistance of competent counsel.
(4) The defendant utterly failed to establish any proof whatsoever that the State of Tennessee misrepresented any matter to the defendant, or in any way withheld material exculpatory evidence from the defendant.
(5) The defendant's relevant testimony in open court on August 21, 1988 does not differ in any material respect from his testimony in the guilty plea hearing on July 2, 1998.

Having reviewed the record, this Court finds no reason to disturb the findings of the trial court. We agree with the trial court's denial.

## CONCLUSION

Accordingly, we affirm the decision of the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

-4-

_____
ALAN E. GLENN, Judge