IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 22, 2000

## STATE OF TENNESSEE v. HAROLD L. GREEN

**Appeal from the Criminal Court for Anderson County**
**No. 99CR0068     James B. Scott, Jr., Judge**

_____

**No. E2000-00616-CCA-R10-CD**
**January 4, 2001**
_____

The state appeals the defendant's withdrawal of his guilty plea to driving under the influence.  It contends that the trial court lacked jurisdiction to grant the defendant's motion to withdraw because the judgment of conviction became final on the day the trial court accepted the plea and imposed the agreed upon sentence.  We reverse the trial court's order permitting the defendant to withdraw his plea.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Criminal Court Reversed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., joined.  JOE G. RILEY, J., concurred in results only.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; James N. Ramsey, District Attorney General; and Janice G. Hicks, Assistant District Attorney General, for the appellant, State of Tennessee.

James M. Webster, Oak Ridge, Tennessee (on appeal), and Mike Farley, Clinton, Tennessee (at trial), for the appellee, Harold L. Green.

## OPINION

The state brings this extraordinary appeal pursuant to Rule 10, T.R.A.P., challenging the Anderson County Criminal Court's order allowing the defendant, Harold L. Green, to withdraw his plea of guilty to driving under the influence (DUI), a Class A misdemeanor.  The state contends that the trial court lacked jurisdiction to grant the motion to withdraw because the motion was untimely, the judgment of conviction having become final on the day the trial court accepted the plea and imposed the sentence.  The defendant argues that he timely filed his motion to withdraw within thirty days of the entry of the judgment of conviction, that the trial court properly granted his motion because the guilty plea was not voluntarily entered, and that this matter is not a proper basis for an extraordinary appeal.  Pursuant to State v. Hall, 983 S.W.2d 710 (Tenn. Crim. App. 1998), we hold

that the trial court lacked jurisdiction to grant the defendant's motion to withdraw his plea. We reverse the trial court's order.

According to the factual basis that the state presented at the October 8, 1999 guilty plea hearing, a Clinton police officer saw the defendant drive away from a convenience store in a reckless manner. The officer stopped the defendant, who admitted that he had consumed four beers. The officer asked the defendant to perform field sobriety tests, but the defendant told the officer that he was asking too much of him. The officer believed that the defendant was intoxicated. No blood alcohol test was performed. Additionally, a clerk saw the defendant at the convenience store and believed that he was intoxicated. The court accepted the defendant's guilty plea and pursuant to the plea agreement, sentenced him to eleven months, twenty-nine days with all but forty-eight hours suspended. The defendant's petition for waiver of a jury trial, filed on October 8, 1999, specified that the defendant understood and was waiving his right to an appeal. The court entered the judgment on that day, October 8, 1999, and the defendant began serving his forty-eight-hour jail sentence that afternoon.

On November 5, 1999, the defendant moved to withdraw his guilty plea, claiming a miscommunication with his former attorney and an inability to obtain a restricted driver's license. At the hearing on the motion, the trial court found that the defendant, a commercial truck driver, entered his guilty plea with the understanding that he would be able to get a restricted license which would allow him to retain his commercial driving status. The state argued that the judgment became final when entered on October 8, 1999, and therefore, the trial court lacked jurisdiction to allow the defendant to withdraw his guilty plea. The court noted its duty to assure that a guilty plea is knowing and voluntary and granted the motion to withdraw, finding that the defendant entered his guilty plea contingent upon maintaining his ability to work.

Pursuant to Rule 32(f), Tenn. R. Crim. P., a defendant may seek to withdraw a guilty plea for any fair and just reason before the trial court imposes the sentence. Once the trial court imposes the sentence but before the judgment becomes final, it "may set aside the judgment of conviction and permit the defendant to withdraw the plea" in order to correct manifest injustice. Tenn. R. Crim. P. 32(f). The defendant argues that the second provision applies in his case and that he timely filed his motion to withdraw within thirty days of the entry of the guilty plea. The state argues that the defendant could not file a motion to withdraw under Rule 32(f) because upon the defendant's waiver of the right to appeal, the judgment became final the day that the trial court accepted the plea and imposed the sentence to which the defendant agreed.

In State v. Hall, 983 S.W.2d 710 (Tenn. Crim. App. 1998), this court addressed the question of whether a defendant entering a guilty plea with a sentence could move to withdraw the plea. In Hall, the defendant pled guilty to first degree murder, and the trial court imposed the agreed upon sentence of life imprisonment with the possibility of parole. The petition requesting the trial court to accept the plea was signed by the defendant and specifically waived the right to appeal. The trial court's order accepting the plea noted the waiver of appeal. Less than a month later, the defendant moved to withdraw the plea to prevent manifest injustice. This court held that when the guilty plea,

the waiver of the right to appeal, and the sentence are all entered on the same day, the judgment of conviction becomes final on that day, thereby making any subsequent motion to withdraw inappropriate because the trial court lacks jurisdiction. Id. at 711.

On October 8, 1999, the defendant in the present case filed a petition for a waiver of a jury trial, which specified that he understood and was waiving his right to an appeal. At the guilty plea hearing on the same day, another person was also pleading guilty to a separate charge, and the trial court explained to her that if she chose to proceed to trial, she would have the right to appeal any resulting conviction. The defendant subsequently agreed that he had heard the recitation of rights that the trial court had given to the other person and that he had no questions about his rights. The defendant entered his guilty plea and the trial court found that he had knowingly and voluntarily given up his rights. The judgment of conviction reflects that it was entered on October 8, 1999.

This case is on all fours with Hall. The defendant pled guilty pursuant to a plea agreement, waived his right to appeal, and was sentenced. The judgment of conviction was entered on the same day. Thus, the judgment of conviction became final under Hall on the day it was entered, and the trial court lacked jurisdiction to grant the defendant's motion to withdraw the plea.

Ordinarily, a defendant under such circumstances would still have a remedy available if his claim related to constitutional error. "Since a judgment immediately becomes final upon a waiver of appeal, the only avenue of relief available to a defendant in such a situation is through post-conviction proceedings." Hall, 983 S.W.2d at 711-12. However, we note that under Hall, the one-year statute of limitations applicable to this case expired on October 8, 2000. See Tenn. Code Ann. § 40-30-202(a) (providing that "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final"). Thus, the defendant's claim that the contingency upon which his guilty plea was based did not occur, even if true, has no present avenue of relief available.

We acknowledge the defendant's assertion that Hall's interpretation of a final judgment renders Rule 32(f), Tenn. R. Crim. P., without effect in most cases involving a guilty plea with an agreed sentence. Most, if not all, guilty plea petition forms include the waiver of an appeal as a provision. Thus, Hall, authored by Judge Joe G. Riley of this panel, essentially limits the right to withdraw a guilty plea pursuant to Rule 32(f) to that minority of guilty plea cases in which the parties have not reached an agreement on the sentence. However, a motion to withdraw a guilty plea brings into question a core part of the very agreement that Hall enforces. A majority of this panel sees no reason to allow review of a defendant's desire to withdraw a guilty plea when no agreement exists, but to disallow it when a full agreement is involved. Also, the majority sees no reason to have judgments of conviction become final upon entry in some circumstances, while they become final only after thirty days in other circumstances. Such breeds an unnecessary trap for a defendant.

In this respect, we note that Tennessee Supreme Court review was not sought in <u>Hall</u>. We also note that in <u>State v. Johnny Leach</u>, No. 03C01-9810-CR-00373, Campbell County (Tenn. Crim. App. Oct. 5, 1999), a majority of the panel suggested supreme court review of the holding in <u>Hall</u>, but, again, such review was not sought. Under these circumstances, a majority of the panel believes that the supreme court should review the holding in <u>Hall</u> in this case.

Based upon the foregoing and the record as a whole, we reverse the trial court's order granting the defendant's motion to withdraw.

_____
JOSEPH M. TIPTON, JUDGE