IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2001

## ALAN HALL v. STATE OF TENNESSEE

**Appeal as of Right from the Criminal Court for Sullivan County
No. C43, 960     R. Jerry Beck, Judge**

---

**No. E2000-01522-CCA-R3-PC
May 23, 2001**

---

On April 30, 1996, the petitioner, Alan Hall, pled guilty in the Sullivan County Criminal Court to first degree murder, especially aggravated robbery, especially aggravated burglary, aggravated burglary, theft over $1000, and possession of burglary tools. The petitioner received a total effective sentence of life plus twelve years. Subsequently, on September 15, 1999, the trial court entered an order correcting the petitioner's judgment of conviction for especially aggravated robbery to reflect that the petitioner would serve one hundred percent (100%) of his sentence in confinement instead of thirty percent (30%) as was erroneously reflected on the original judgment. Within a year after the entry of the corrected judgment, the petitioner filed a pro se petition for post-conviction relief. The post-conviction court dismissed the petition as being barred by the statute of limitations. On appeal, the petitioner contests the dismissal of his petition for post-conviction relief. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Alan Hall, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; and H. Greeley Wells, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On April 30, 1996, pursuant to a plea agreement, the petitioner, Alan Hall, pled guilty in the Sullivan County Criminal Court to first degree murder, especially aggravated robbery, especially aggravated burglary, aggravated burglary, theft over $1000, and possession of burglary tools. The trial court sentenced the petitioner to life imprisonment in the Tennessee Department of Correction for the first degree murder conviction, fifteen years incarceration for the especially

aggravated robbery conviction, twelve years incarceration for the especially aggravated burglary conviction, six years incarceration for the aggravated burglary conviction, four years incarceration for the theft conviction, and eleven months and twenty-nine days incarceration for the possession of burglary tools conviction. The trial court ordered the petitioner to serve his sentence for especially aggravated burglary consecutively to his first degree murder sentences makes for a total effective sentence of life plus twelve years.

In September 1999, the Tennessee Department of Correction notified the trial court of an error on the petitioner's judgment of conviction for especially aggravated robbery. The judgment erroneously reflected that the petitioner was to serve thirty percent (30%) of his sentence for especially aggravated robbery in confinement. However, Tenn. Code Ann. § 40-35-501(i)(2)(E) (1997) mandates that a defendant convicted of especially aggravated robbery serve one hundred percent (100%) of his sentence in confinement. The percentage of service noted on the petitioner's original judgment of conviction for especially aggravated robbery is, therefore, in direct contravention of a statute and, additionally, was not the percentage that the petitioner was informed by the trial court or by the State that he would serve. The record clearly shows that the trial court repeatedly informed the petitioner during his guilty plea hearing that he would be required to serve a minimum of eighty-five percent (85%) of his sentence for especially aggravated robbery in confinement. The trial court arrived at the eighty-five percent (85%) figure by considering the fifteen percent (15%) sentence reduction that the petitioner could potentially earn during his confinement. See Tenn. Code Ann. § 40-35-501(i)(1); see also Tenn. Code Ann. § 41-21-236 (1997). Additionally, the written negotiated plea agreement between the petitioner and the State, which the petitioner and his attorney signed, also reflects that the petitioner would be required to serve a minimum of eighty-five percent (85%) of his especially aggravated robbery sentence in confinement. Accordingly, on September 15, 1999, the trial court, after being alerted to the error by the Tennessee Department of Correction, entered an order correcting the judgment to reflect that the petitioner would be required to serve one hundred percent (100%) of his especially aggravated robbery conviction in confinement.[1]

On April 27, 2000, within one year of the entry of the corrected judgment, the petitioner filed a pro se petition for post-conviction relief alleging the following grounds for relief:
(1) The petitioner suffered from ineffective assistance of counsel
(A) The petitioner's confession should have been quashed because of his mental abilities
(B) The petitioner's lack of understanding as to the consequences of the criminal offense committed should have been brought before the criminal court for its consideration, the attorney for the petitioner knowing full well the mental abilities of the petitioner

---

[1] The handwritten date on the amended judgment reflects that the amended judgment was entered on January 15, 1999. However, the trial court noted that the correct date of entry was September 15, 1999, as is reflected by the clerk's date stamp.

> (C) That the indictments constitute multiplicity and duplicity, and by allowing the petitioner to plead guilty to them effectively waived his right to a conventional appeal to those issues
>
> (2) The trial judge did not inform the petitioner during any part of the proceedings that he has the right to appeal any adverse decision made, thereby denying the petitioner his constitutional rights of due process through the court system
>
> (3) The trial court erred in convicting the petitioner as an adult when test scores clearly showed him to have the mentality of a child
>
> (4) The trial judge violated the plea agreement between the petitioner and the State when he called the petitioner back to be resentenced on the fifteen year sentence for especially aggravated robbery.

Without holding an evidentiary hearing, the post-conviction court dismissed the petition as being untimely. On appeal, the petitioner implicitly argues that the corrected judgment should be considered the "final judgment" for the purpose of determining when the statute of limitations applying to claims for post-conviction relief commences.

## II. Analysis

We begin our analysis by noting that post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). However, the Tennessee Code provides that

> a person in custody under a sentence of a court of this state *must* petition for post-conviction relief under this part . . . *within one (1) year of the date on which the judgment became final*, or consideration of such petition *shall be barred.* . . . Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief . . . *shall be extinguished* upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a) (1997) (emphasis added). Furthermore, our supreme court recently stated that

> the language of the Act is unambiguous. The Act clearly mandates that post-conviction claims be filed within one year from the date of the final action. . . . [The petitioner] had one year after [his judgment became final] in which to file his petition, but he did not do so. Therefore, [the petitioner] failed to seek timely post-conviction relief under a strict application of the statute.

Dexter L. Williams v. State, No. E1999-00871-SC-R11-PC, 2001 WL 304163, at *3 (Tenn. at Knoxville, March 29, 2001) (publication pending).

-3-

In the instant case, the post-conviction court dismissed the petitioner's claim for relief without conducting an evidentiary hearing, finding that relief was barred by the statute of limitations. For the purpose of determining the date when the statute of limitations bars the petitioner's claim for relief, the post-conviction court found that the judgment in this case became final after the entry of the original judgment of conviction, and the entry of the corrected judgment did not serve to grant the petitioner an additional year in which to file for post-conviction relief.[2] We agree.

The petitioner did not file for post-conviction relief until April 27, 2000, almost three years after the expiration of the statute of limitations for his post-conviction claim. Additionally we note that, in the petitioner's response to the State's motion to dismiss the petition for post-conviction relief, the petitioner concedes the untimeliness, stating, "[w]hile it is true that the petitioner was not within the time frame to file a [p]etition for [p]ost[-c]onviction [relief] before the State allegedly corrected his sentence, the correction nonetheless violated his [p]lea [a]greement, making his case ripe for [p]ost[-c]onviction [r]elief." Furthermore, we have previously noted that "correction of a judgment pursuant to Rule 36 does not extend the statutory period for filing a petition for post-conviction relief." Kenneth J. Hall v. State, No. 03C01-9609-CR-00342, 1998 WL 208080, at *2 (Tenn. Crim. App. at Knoxville, April 15, 1998).

> This court has stated:
> In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered.

State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. at Knoxville, November 15, 1995). The transcript of the petitioner's guilty plea hearing clearly shows that the petitioner was repeatedly advised by the trial court that he would be required to serve a minimum of eighty-five percent (85%) of his fifteen year sentence for especially aggravated robbery in confinement. Once again, we note that the eighty-five percent (85%) figure mentioned by the court included the fifteen percent (15%) sentence reduction the petitioner could potentially earn while in confinement. See Tenn. Code Ann. § 40-35-501(i)(1); see also Tenn. Code Ann. § 41-21-236. Furthermore, the written guilty plea agreement between the petitioner and the State also provides that the petitioner is required to serve a minimum of eighty-five percent (85%) of his fifteen year sentence in confinement. Accordingly, the trial court properly corrected the petitioner's judgment of conviction when notified of the error by the Tennessee Department of Correction.

---

[2] This court has opined that, upon a guilty plea pursuant to a plea agreement and a waiver of appeal and sentence, a judgment becomes final on the day of the guilty plea. See State v. Hall, 983 S.W.2d 710, 711 (Tenn. Crim. App. 1998); Lakeith O. Lightfoot v. State, No. 02C01-9703-CR-00129, 1998 WL 64005, at *1 (Tenn. Crim. App. at Jackson, February 18, 1998). However, a panel of this court recently observed that our supreme court has not reviewed the correctness of this holding and urged the supreme court to do so. See State v. Harold L. Green, No. E2000-00616-CCA-R10-CD, 2001 WL 9926, at *3 (Tenn. Crim. App. at Knoxville, January 4, 2001).

We also note that nothing in the record indicates that any of the petitioner's claims for post-conviction relief would satisfy any of the three exceptions to the post-conviction statute of limitations as contained in Tenn. Code Ann. § 40-30-202(b) and (c). Thus, we conclude that the post-conviction court properly dismissed the petitioner's claims as being time-barred.

### III. Conclusion

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE