# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 24, 2001 Session

## GARY LEON CURETON v. STATE OF TENNESSEE

**Post Conviction Appeal from the Criminal Court for Greene County**
**No. 00-CR-057     James E. Beckner, Judge**

_____

**No. E2000-01638-CCA-R3-PC**
**June 19, 2001**
_____

On May 21, 1999, Gary Leon Cureton, the Petitioner and Appellant, pled guilty in the Greene County Criminal Court to two counts of rape and two counts of sexual battery and waived his right to appeal. Following the guilty plea, the trial court sentenced the Petitioner to serve seventeen years incarceration. On May 25, 2000, the Greene County Court Clerk received a post-conviction petition from the incarcerated *pro se* Petitioner and stamped the document to indicate that it had been filed on that date. On June 2, 2000 the trial court issued a preliminary order dismissing the petition on the ground that it was not timely filed. On June 12, the trial court received a *pro se* motion to reconsider the dismissal of the petition, but the trial court denied the motion on June 19, 2000. On August 2, 2000, this Court ordered the trial court to address the Petitioner's request for the appointment of counsel, and the trial court subsequently appointed counsel to assist with the Petitioner's appeal. The Petitioner appeals the trial court's dismissal of his petition and subsequent denial of his motion to reconsider, arguing that he carried his burden of proving that the petition was timely filed. Because the Petitioner was never afforded an opportunity to prove that he timely filed his petition, we remand for a hearing to determine whether the Petitioner's petition was timely filed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Jonathan M. Holcomb, Rogersville,Tennessee, for appellant, Gary Leon Cureton.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General, Nashville, Tennessee; C. Berkeley Bell, District Attorney General; Cecil C. Mills, Jr., Assistant District Attorney, Greeneville, Tennessee, for appellee, State of Tennessee.

**OPINION**

The Petitioner argues on appeal that the trial court erroneously dismissed his petition, because he claims that he filed the petition within the statute of limitations. The Post-Conviction Procedure Act provides that, with certain exceptions not applicable here, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-202(a). In State v. Hall, 983 S.W.2d 710 (Tenn. Crim. App. 1998), this Court held that a judgment based on a guilty plea becomes final on the date the plea is accepted and the judgment, including sentence, is imposed. Id. at 711.

In this case, the record does not contain a judgment; however, the absence of a judgment is not fatal to this appeal, because a transcript of the guilty plea indicates that the Petitioner pled guilty to the charges on May 21, 1999. Thus, assuming the judgment was entered at the earliest possible time, i.e., on May 21, 1999, the Petitioner would have had to file his petition by May 21, 2000 in order to comply with the time limit in Tennessee Code Annotated section 40-30-202. The Petitioner points out, however, that May 21, 2000 fell on a Sunday. Tennessee Rule of Criminal Procedure 45(a) provides:

> In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office for filing is closed, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or a day when the clerk's office for filing is closed. When a period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in these rules "legal holiday" includes any national holiday or holiday designated by the State of Tennessee.

Tenn. R. Crim. P. 45(a). Accordingly, the Petitioner could have filed his petition as late as Monday, May 22, 2000 in order to comply with the statutory time limit.

The Petitioner alleges in his petition that he did "file" his petition on May 22, 2000, because he gave his petition to the prison officials to mail it that day. Tennessee Rule of Criminal Procedure 49(c) provided at the time of filing, in pertinent part:

> If petitions for post conviction relief or other papers are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Tenn. R. Crim. P. 49(c) (1999); see also R. Tenn. Sup. Ct. 28 § 2(G). To support his argument, the Petitioner points to the certificate of service, which is dated May 22, 2000.

However, the trial court did not allow petitioner to present proof nor did the trial court make findings of fact which enable this court to determine whether the trial court found the Petitioner's claim to be incredible. Instead, both the preliminary order denying the petition and the order

dismissing the motion to reconsider both merely indicate that the petition was time-barred, but do not give any reasons for the findings. See Tenn. Code Ann. § 40-30-206.

The State argues that the Petitioner's mere allegations that he delivered his petition to the appropriate individual at the corrections facility is not enough to sustain his burden of proof under Tennessee Rule of Criminal Procedure 49(c). In support of its argument, the State cites Michael S. Neely v. State, No. M1999-1823-CCA-R3-PC, 2000 WL 711146 (Tenn. Crim. App. at Nashville, June 2, 2000). In Michael S. Neely, the petitioner testified at a hearing that he delivered the petition to a correctional facility mailbox on March 4, 1999, but the petition was not filed until June 3, 1999. Id. at *1. This Court held that the petitioner in that case had not carried his burden of proving that he filed the petition in time, noting that "no certificate of service was produced at the hearing or on appeal." Id. at *2.

This case is distinguishable from Michael S. Neely in several ways. First, the Petitioner in this case has provided a certificate of service indicating that he delivered the petition on the last day possible. Second, the petition was stamped to indicate that it was filed in the Greene County Clerk's office on May 25, 2000, which tends to support the Petitioner's claim that he delivered the petition to the appropriate corrections official only three days earlier at the Turney Correctional Center in Only, Tennessee. Finally, the petitioner in Michael S. Neely presented his claim at a hearing, which allowed for the development of a record and thorough findings of fact. In this case, the trial court dismissed the petition and subsequent motion to reconsider without specifically finding that the Petitioner had not carried his burden.

We conclude that, under the unusual circumstances of this case the Petitioner should be given the opportunity to establish whether or not the petition was delivered to the appropriate prison official for mailing within the statute of limitations. See Lakeith O. Lightfoot v. State, No. 02C01-9703-CR-00129, 1998 WL 64005, (Tenn. Crim. App. at Jackson, Feb 18, 1998)(remanding for a hearing where petitioner made a threshold showing that he delivered petition to corrections officials before expiration of statute of limitations). We emphasize that the sole purpose of the hearing should be to determine the timeliness of the petition. If the Petitioner carries his burden of proving that he filed his petition in a timely manner, the petitioner should be allowed to proceed. If not, the trial court should make specific findings of fact, e.g., that the trial court finds the Petitioner's claim incredible, and dismiss the petition.

Accordingly, the judgment of the trial court is REVERSED, and the case is REMANDED to the trial court for further proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE

-3-