IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2002

## STATE OF TENNESSEE v. MICHAEL ALLEN CONRAD

**Appeal from the Criminal Court for Knox County**
**No. 68866     Mary Beth Leibowitz, Judge**

---

**No. E2001-02799-CCA-R3-CD**
**May 15, 2003**

---

The defendant, Michael Allen Conrad, appeals as of right the Knox County Criminal Court's denial of his motion to withdraw his guilty pleas to three counts of attempted statutory rape, a Class A misdemeanor. He received the agreed sentences of two consecutive and one concurrent eleven-month-twenty-nine-day terms on probation. The defendant contends that his guilty pleas were involuntary because his attorney erroneously advised him that he would not have to register with Tennessee's sexual offender registry. He argues that had he known that he was subject to the registry, he would not have pled guilty but would have gone to trial. We conclude that the defendant should be allowed to withdraw his guilty pleas to prevent manifest injustice.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed;**
**Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

M. Jeffrey Whitt and James A.H. Bell (at hearing on motion to withdraw), Knoxville, Tennessee, for the appellant, Michael Allen Conrad.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Patricia A. Cristil, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, who was forty-one years old at the time of the offenses, was charged with four counts of statutory rape, a Class E felony, of the fourteen-year-old victim. He pled guilty to three counts of attempted statutory rape with the fourth count being dismissed pursuant to the plea agreement. At the May 7, 2001 submission hearing, the defendant agreed that he understood what he was doing and that he was pleading guilty of his own free will. He agreed that he understood he would go to jail if he violated the conditions of his probation. The court accepted his pleas, stating

that they were knowingly and voluntarily given, and imposed the agreed sentences. The sexual offender registry was not mentioned at the submission hearing, and the judgments of conviction were entered on that day.

On May 25, 2001, the defendant moved to withdraw his guilty pleas, contending that at the time he pled guilty, he believed that he would not be subject to the sexual offender registry. He argued that he would not have pled guilty had he known that he would have to register as a sexual offender. Substitute counsel appeared on behalf of the defendant, and the parties stipulated that if the defendant's original attorney were called, he would testify as follows: Before pleading guilty, the defendant told his attorney several times that he would not accept any plea offer that would make him a convicted felon, expose him to possible jail time, and/or cause him to be placed on the sexual offender registry. The weekend before trial, the defendant's attorney called him and told him that the state had made an offer that would allow him to plead guilty to misdemeanor attempted statutory rape, involved no incarceration, and would not require him to register as a sexual offender. After the defendant accepted the offer, his probation officer told him that a Tennessee statute required him to register as a sexual offender. The defendant immediately contacted his attorney about the discrepancy and said that he would not have accepted the plea and would have insisted on going to trial had he known that he would have been subject to the sexual offender registry. The defendant also presented his affidavit, which stated that he accepted the plea based upon incorrect advice from his attorney and that had his attorney given him the correct information, he would not have pled guilty.

The trial court denied the motion to withdraw finding that although the defendant had been misinformed by counsel, imposition of the registry requirement did not rise to the level of manifest injustice. It noted that the obligations of probation include compliance with state law. It also expressed misgivings about the defendant's claim that he would not accept a plea involving possible jail time because it had told the defendant at the submission hearing that he would go to jail if he violated probation.

Initially, the state contends that the defendant's notice of appeal to this court from the trial court's order denying the motion to withdraw was untimely by one day. See T.R.A.P. 4(a) (providing that a party shall file a notice of appeal thirty days from "the entry of judgment appealed"). The trial court entered its order denying the motion to withdraw on October 12, 2001. The defendant filed his notice of appeal on November 13, 2001. When the final filing day falls on a weekend or a legal holiday, the defendant has until the end of the next business day to file his notice of appeal. See T.R.A.P. 21(a). In the present case, the thirtieth day was on Sunday, November 11, 2001; and we take judicial notice that Monday, November 12, 2001, was a state holiday marking the observance of Veterans' Day. Thus, the defendant's November 13 notice of appeal was timely.

Pursuant to Rule 32(f), Tenn. R. Crim. P., a defendant may seek to withdraw a guilty plea for any fair and just reason before the trial court imposes the sentence. Once the trial court imposes the sentence but before the judgment becomes final, it "may set aside the judgment of conviction and

permit the defendant to withdraw the plea" in order to correct manifest injustice. Tenn. R. Crim. P. 32(f). To avoid manifest injustice, the trial court may allow the defendant to withdraw a guilty plea that was "not voluntarily, understandingly, or knowingly entered" or was entered because of mistake. State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995).

> Conversely, a trial court will not, as a general rule, permit the withdrawal of a plea of guilty to prevent "manifest injustice" when the basis of the relief is predicated upon (a) an accused's "change of heart," (b) the entry of the plea to avoid harsher punishment, or (c) an accused's dissatisfaction with the harsh punishment imposed by a trial court or a jury.

Id. (quoting Ray v. State, 224 Tenn. 164, 170, 451 S.W.2d 854, 856 (1970)) (footnotes omitted). We are bound to uphold the trial court's determinations regarding the withdrawal of a guilty plea unless the record demonstrates that it abused its discretion. Id.; State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986).

The state argues that the trial court lacked jurisdiction to entertain the defendant's motion to withdraw because his judgments of conviction became final on May 7, 2001, the day he pled guilty, received his agreed sentences, and waived his right to appeal. The defendant's signed request for acceptance of his guilty plea, entered on May 7, 2001, states that he understood that by pleading guilty he waived his right to appeal all nonjurisdictional errors. We acknowledge that this court has held that when the guilty plea, the waiver of the right to appeal, and the sentence are all entered on the same day, the judgment of conviction becomes final on that day, rendering the trial court without jurisdiction to rule upon any subsequent motion to withdraw. See State v. Hall, 983 S.W.2d 710, 711 (Tenn. Crim. App. 1998). However, our supreme court recently overruled this holding in State v. Harold L. Green, No. E2000-00616-SC-R11-CD, Anderson County, slip op. at 4 (Tenn. May 1, 2003). It held that regardless of whether the defendant has waived the right to appeal, "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." Id. Thus, the trial court properly considered the defendant's motion to withdraw.

The defendant contends that his guilty pleas were involuntary because his original attorney erroneously advised him that he would not have to register as a sexual offender if he pled guilty to misdemeanor statutory rape. He argues that this erroneous belief was a significant, if not determinative, factor in his decision to plead guilty and that he should be allowed to withdraw his pleas to correct manifest injustice. The state contends that the trial court disbelieved the defendant's assertion that he would not have pled guilty if he had known he would be subject to the sexual offender registry because it observed that the defendant accepted a plea involving possible jail time despite previously telling his attorney he would not. It also argues that the defendant was not subject to a requirement of which he was unaware because compliance with all Tennessee laws is a condition of probation. It concludes that the trial court properly found that the defendant's misinformation about the sexual offender registry did not rise to the level of manifest injustice.

The defendant's contention that his guilty pleas were involuntary because they were based upon the erroneous advice of counsel is essentially an ineffective assistance of counsel claim. To prevail, the defendant must show that counsel's advice was given outside the range of the competency demanded of attorneys in criminal cases and that there was a reasonable probability that, but for the attorney's deficient representation, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985). As to the range of competency, the constitutional right to the effective assistance of counsel does not demand perfection. In this respect, a decision to waive a trial by entering a plea of guilty "entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." McMann v. Richardson, 397 U.S. 759, 770, 90 S. Ct. 1441, 1448 (1970). Therefore, a plea of guilty is not vulnerable to attack if it is based on reasonably competent advice, even if the advice is mistaken. Id. Also, in assessing the attorney's conduct, we must eliminate the distorting effects of hindsight and evaluate the conduct from the attorney's perspective at the time of the events in issue. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984).

In the present case, the attorney's mistaken advice that the defendant would not be subject to the sexual offender registry was not reasonably competent. In order to act within the range of competence required of criminal defense attorneys, counsel must conduct adequate legal research on the issues. Cooper v. State, 847 S.W.2d 521, 527-28 (Tenn. Crim. App. 1992) (citing United States v. DeCoster, 487 F.2d 1197, 1203-04 (D.C. Cir. 1973)). In the present case, the fact that one convicted of attempted statutory rape must register as a sexual offender is readily discerned from the Tennessee Code. A sexual offender must register with the Tennessee Bureau of Investigation within ten days of his or her release on probation. Tenn. Code Ann. § 40-39-103(a). A sexual offender is one who has been convicted of certain enumerated sexual offenses, including attempted statutory rape. Tenn. Code Ann. § 40-39-102(2)-(3)(v), (xvi). Thus, the attorney's advice that the defendant would not be subject to the sexual offender registry if he pled guilty to attempted statutory rape was deficient when such erroneous advice could have been avoided by simply referring to the Code. See Teague v. State, 772 S.W.2d 932, 936-37 (Tenn. Crim. App. 1989) (holding that counsel performed deficiently in misadvising the defendant that accepting a plea offer would have no effect upon his capital conviction then on appeal when a cursory examination of legal authorities would have revealed that counsel were misreading Rule 11, Tenn. R. Crim. P.).

Furthermore, we believe that the proof shows that the defendant would not have pled guilty but for the attorney's deficient performance. The trial court and the parties proceeded upon the stipulation of the attorney's testimony and the defendant's affidavit, which state that he would not have entered his guilty pleas had he known he would have to register as a sexual offender. The record contains no proof to the contrary. The state suggests that the trial court found this statement by the defendant incredible because it noted its misgivings about his insistence on a plea that involved no possible jail time despite the trial court's advising him at the submission hearing that he would go to jail if he violated probation. First, we question whether accepting a plea with an agreed sentence of full probation is inconsistent with a defendant's insistence on a plea involving no incarceration even though the defendant is informed of the possibility that he could go to jail if

-4-

he violates the conditions of probation. Second, the trial court did not express any doubts about the defendant's insisting upon a plea that would not involve registering as a sexual offender. In fact, it expressly found the defendant had been misinformed about the registry requirement. Thus, the record reflects that but for his attorney's deficiency, the defendant would not have pled guilty and would have insisted upon going to trial. The defendant received the ineffective assistance of counsel in violation of his state and federal constitutional rights to the effective assistance of counsel. Certainly, such a violation constitutes manifest injustice. See State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991) (agreeing with federal cases holding that a constitutional violation strictly curtails a trial court's discretion under Rule 32).

In consideration of the foregoing, we hold that the trial court abused its discretion in determining that a manifest injustice did not occur relative to the defendant's entry of guilty pleas. We reverse the judgments of conviction and remand the case to the trial court for trial or other appropriate disposition.

_____

JOSEPH M. TIPTON, JUDGE