# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 25, 2002 Session

## JASON LEWIS ADAMS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 235832     Douglas A. Meyer, Judge**

---

**No. E2001-02765-CCA-R3-PC**
**May 27, 2003**

---

On January 5, 2001, the petitioner pled guilty to filing a false police report, aggravated burglary, theft over $1000, vandalism, carjacking, two counts of especially aggravated kidnapping, and two counts of aggravated robbery and received a fifteen-year sentence. On February 2, 2001, he filed a motion to withdraw his guilty pleas, which was determined to be untimely and was treated as a petition for post-conviction relief. Because of the subsequent decision of our supreme court in State v. Green, __ S.W.3d __ (Tenn. 2003), we conclude that the petitioner's motion to withdraw his pleas of guilty was timely and should have proceeded pursuant to Tennessee Rule of Criminal Procedure 32(f), Withdrawal of Plea of Guilty. We reverse the order of the post-conviction court and remand for the petitioner's motion to withdraw his pleas of guilty to be considered as timely.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Melanie R. Snipes, Chattanooga, Tennessee, for the appellant, Jason Lewis Adams.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; William H. Cox, III, District Attorney General; and Parke Masterson, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

This matter has a complicated history which, because of the fact that we are remanding in light of the determination of our supreme court in Green, we will abbreviate.

The petitioner and his two codefendants were indicted for an incident occurring on March 11, 2000, in which the two victims were robbed at gunpoint and driven around in their own vehicle, before escaping from the defendants and summoning help. Although his two codefendants accepted the State's effective eight-year offer to resolve the pending indictments, the petitioner, on October 4, 2000, rejected the offer against the advice of his then attorney that he should accept it. While incarcerated, the petitioner was charged with other crimes committed while in jail, consisting of two counts of felony vandalism, one count of aggravated assault, and one count of filing a false police report. Subsequently, he changed his mind about pleading guilty to the charges and on January 5, 2001, entered pleas and was sentenced for filing a false police report, aggravated burglary, theft over $1000, vandalism, carjacking, two counts of especially aggravated kidnapping, and two counts of aggravated robbery, receiving an effective fifteen-year sentence.

On February 2, 2001, the petitioner filed a motion, pursuant to Tennessee Rule of Criminal Procedure 32(f), to withdraw his pleas of guilty, which set out three claims:

1. That sentence has been imposed but the judgment is not yet final, and that manifest injustice requires that the plea be withdrawn.

2. The guilty plea was not knowingly and voluntarily entered into by the Defendant.

3. There was no factual basis for the plea. Therefore, the Defendant was denied due process of law as guaranteed by the 5th and 14th Amendments of the U.S. Constitution and Article I Section 8 of the State of Tennessee Constitution.

The post-conviction court, applying the holding of this court in State v. Hall, 983 S.W.2d 710 (Tenn. Crim. App. 1998), determined that the judgments had become final on January 5, 2001, the day the petitioner pled guilty and was sentenced. Accordingly, the court treated the petitioner's motion as a petition for post-conviction relief, which the court concluded was timely and presented a colorable claim. Subsequently, the petitioner filed a petition for post-conviction relief, which was twice supplemented. The grounds alleged in the post-conviction petition were that the court erred in converting the motion to withdraw the pleas of guilty to a post-conviction petition; the State engaged in vindictive prosecution of the petitioner; the petitioner was selectively prosecuted because of his race; trial counsel had been ineffective; and the petitioner's sentences were void.

A lengthy evidentiary hearing was held on August 30, 2001, at which the petitioner, his mother, and trial counsel testified. Following the hearing, the post-conviction court filed lengthy and detailed findings of fact and conclusions of law, ruling against the petitioner as to each of the issues and dismissing the petition for post-conviction relief. The petitioner then timely appealed, presenting the same issues as in the petition. In its reply to the appeal, the State argues, *inter alia*, that the post-conviction court properly applied the holding in Hall, as well as converted the motion to withdraw the pleas to a petition for post-conviction relief, relying upon Norton v. Everhart, 895

S.W.2d 317, 319 (Tenn. 1995) ( "[A] trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought.").

While this appeal has been pending, our supreme court released its opinion in State v. Green, ___ S.W.3d ___, slip op. at 4 (Tenn. 2003), holding "that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence," thus overruling Hall. Accordingly, applying the holding in Green to this matter, we conclude that the motion to withdraw the pleas of guilty was timely and, as a result, this matter must be reversed so that the petitioner may proceed on his motion. In making this determination, we are aware that the post-conviction court afforded the petitioner, who was then and continues to be represented by counsel, an evidentiary hearing on the claims in the petition for post-conviction relief and made extensive and complete findings of fact and conclusions of law at its conclusion. However, several problems compel a remand of the denial. After a sentence has been imposed, a court may permit a petitioner to withdraw a plea of guilty "to correct manifest injustice." See Tenn. R. Crim. P. 32(f); State v. Turner, 919 S.W.2d 346, 354-55 (Tenn. Crim. App. 1995). However, as to a post-conviction petition, the petitioner has "the burden of proving the allegations of fact by clear and convincing evidence." See Tenn. Code Ann. § 40-30-210(f). Thus, the required showing by the petitioner to the post-conviction court differed, depending upon whether the request was treated as a Rule 32(f) motion to withdraw his pleas of guilty or as a post-conviction petition. Additionally, treating this matter as a post-conviction petition foreclosed the petitioner's right to present future claims, since he is limited to a single petition for post-conviction relief per judgment. Leslie v. State, 36 S.W.3d 34, 37 (Tenn. 2000) (citing Tenn. Code Ann. § 40-30-202(c) (1997)).

Accordingly, we reverse the judgment of the post-conviction court and remand for the petitioner's motion to withdraw his pleas of guilty to be treated as timely filed. As we have stated, we note an extensive evidentiary hearing was conducted after the motion was converted to a petition for post-conviction relief, the petitioner presenting testimony as to his reasons for seeking to withdraw his pleas of guilty as well as the additional claims set out in the post-conviction petition, and we are not suggesting that an additional hearing need be conducted or that the court take additional proof, except in the interest of justice as the court may determine.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we reverse the order of the post-conviction court and remand for the petitioner's motion to withdraw his pleas of guilty to be treated as timely filed.

_____
ALAN E. GLENN, JUDGE