IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2024

## ZION HOUSTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County
No. C-23-225   Donald H. Allen, Judge**

_____

### No. W2023-01637-CCA-R3-PC

_____

The Petitioner, Zion Houston, appeals from the Madison County Circuit Court's summary dismissal of his petition for post-conviction relief from his convictions for aggravated robbery and misdemeanor theft.  On appeal, the State contends that the post-conviction court properly dismissed the petition as untimely because it was filed more than one year after the Petitioner's judgments were entered.  The Petitioner contends that the post-conviction court erred when it determined the petition was untimely because the judgments in question did not become final until thirty days after they were entered, and the petition was filed one year after the judgments became final.  We reverse the judgment of the post-conviction court and remand the case for preliminary consideration of the post-conviction petition consistent with this opinion and pursuant to Tennessee Code Annotated section 40-30-106.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;
Case Remanded.**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., joined. MATTHEW J. WILSON, J., filed a dissenting opinion.

Zion Houston, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Jody Pickens, District Attorney General; Shaun A. Brown, Deputy District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner's convictions arose from his July 6, 2022 guilty pleas to one count of aggravated robbery and one count of misdemeanor theft.  He received an effective sentence of eight years' incarceration.  The Petitioner's judgments were filed on July 8, 2022.  The

incarcerated, pro se Petitioner prepared a petition for post-conviction relief and mailed it to the Madison County Circuit Court Clerk, Gail Mooney. The petition was file-stamped in the clerk's office on August 18, 2023. The envelope in which the petition was mailed to the clerk reflects that it was received in the prison mailroom on August 7, 2023.

The State filed an answer to the petition on September 13, 2023, in which it relied "on any applicable statute of limitations." On September 20, 2023, the post-conviction court dismissed the petition as untimely pursuant to the one-year statute of limitations. On October 16, 2023, the Petitioner filed a motion for "rehearing and reconsideration" of the petition. On November 20, 2023, the Petitioner filed a "Premature Notice of Appeal" with the appellate court clerk, noting that a motion to rehear was pending in the post-conviction court. On November 21, 2023, the Petitioner filed a notice of appeal. The appeal was untimely, as it was filed more than 30 days after the petition's September 20, 2023 dismissal. *See* T.R.A.P. 4(a). As the incarcerated, pro se Petitioner appears to have been under the mistaken belief that a notice of appeal was premature when it was filed while a motion to reconsider was pending, we waive the untimely notice of appeal "in the interest of justice." *See Id*.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). If there was no appeal of a judgment or conviction, a petition for post-conviction relief must be filed "within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." *Id.* § 40-30-102 (2018). "The general rule in Tennessee is that a judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003) (citing T.R.A.P. 4(a), (c)); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001). *But see*, *Corry Merriweather v. State*, No. W2021-01002-CCA-R3-PC, 2022 WL 3078917, *5 (Tenn. Crim. App. Aug. 3, 2022) (stating that a petitioner had one year from the entry of his judgment to file a petition for post-conviction relief), *perm. app. denied* (Tenn. Dec. 14, 2022).[1]

The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file [such an] action and is a condition upon its exercise." T.C.A. §

---

[1] Prior to our supreme court's decision in *Green*, Tennessee appellate courts had determined that when a defendant entered into a plea agreement and waived the defendant's right to appeal, the judgment of conviction became final when the plea was accepted by the trial court. *See State v. Hall*, 983 S.W.2d 710, 711-712 (Tenn. Crim App. 1998). Our supreme court in *Green* overruled the holding in *Hall* and held "that a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry . . . of the guilty plea." *Green*, 106 S.W.3d at 650.

40-30-102 (2018). Pursuant to the "mailbox rule," a post-conviction petition is deemed filed when an incarcerated, pro se litigant delivers the petition "to the appropriate individual at the correctional facility within the time set for filing." Tenn. R. Crim. P. 49(d)(1).

The State contends that the post-conviction court properly dismissed the petition as untimely because the Petitioner's judgments were filed on July 8, 2022, he had until July 8, 2023, to file his petition, and he filed his petition on August 18, 2023. The State also claims that judgments filed pursuant to a guilty plea become final when the judgements are filed. The Petitioner claims that he timely filed his petition within the one-year period after his judgments became final, which was thirty days after the judgments were filed on July 8, 2022. Therefore, the Petitioner asserts he had until August 7, 2023, to file his petition with the prison's mailroom. We agree with the Petitioner.

The Petitioner's judgments were filed on July 8, 2022. Therefore, the statute of limitations for the Petitioner to file his petition for post-conviction relief did not start to run until the Petitioner's judgments became final thirty days after they were filed. *See Green*, 106 S.W.3d at 648. Accordingly, the Petitioner's judgments became final on August 7, 2022, and he had until August 7, 2023, to file his petition. The Petitioner's petition for post-conviction relief was notarized on August 7, 2023, and the envelope in which the petition was placed reflects that the envelope was addressed to the circuit court clerk and was stamped "MAILED AS PRIVILEGED" from the prison mailroom on August 7, 2023. As the petition came from an incarcerated, pro se petitioner, the petition was deemed filed pursuant to the mailbox rule on August 7, 2023. *See* Tenn. R. Crim. P. 49(d)(1). The post-conviction court's determination that the petition was untimely filed was in error. The record reflects that the petition was timely filed, one year after the judgments became final. *See* T.C.A. § 40-30-102(a) (2018).

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is reversed, and the case is remanded to the court for preliminary consideration of the post-conviction petition consistent with this opinion and pursuant to Tennessee Code Annotated section 40-30-106.

<u>**s/ Robert H. Montgomery, Jr.**</u>
ROBERT H. MONTGOMERY, JR., JUDGE