# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 16, 2002 Session

## STATE OF TENNESSEE v. GARY W. YOUNG

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-B-1055     Steve R. Dozier, Judge**

---

**No. M2001-02492-CCA-R3-CD - Filed September 2, 2003**

---

On May 21, 2001, the appellant, Gary W. Young, pleaded guilty to sale of a controlled substance and possession of a controlled substance within a thousand feet of a school. He received concurrent twenty-one year sentences for each count. As part of the plea agreement the appellant attempted to reserve a certified question of law to be presented on appeal. See Tenn. R. App. P. 37(b)(2)(i). This question concerns the propriety of a search. On June 19, 2001, the appellant also attempted to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f). The trial court denied the motion to withdraw the guilty plea based on this Court's holding in State v. Hall, 983 S.W.2d 710 (Tenn. Crim. App. 1998 overruled by State v. Green, 106 S.W.3d 646 2003)). This appeal followed. After a review of the record and the applicable authorities we are of the opinion that the appellant has failed to properly certify an appeal to this Court pursuant to Tennessee Rule of Appellate Procedure 37(b)(2)(i), and this Court therefore lacks jurisdiction to consider the trial court's denial of the appellant's motion to suppress. However, the appeal of the denied motion to withdraw a guilty plea is properly before this court, and this case must be remanded for consideration of the motion in view of the Tennessee Supreme Court decision in State v. Greene, 106 S.W.3d 646 (Tenn. 2003), which overruled State v. Hall. Finally, the allegation concerning the legality of the appellant's sentences, which has been raised for the first time on appeal, may be presented to the trial court on remand for consideration as a ground to allow withdrawal of the plea

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Dismissed in Part and Reversed and Remanded in Part.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for appellant, Gary W. Young.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, District Attorney General; and John Zimmermann, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

<u>Background</u>

This case presents the appeal of a first rate procedural muddle. Fortunately, appellate counsel has done an excellent job of bringing some order to the chaos by explaining what happened in the lower court. The following is a chronology of those events provided by appellate counsel:

On June 12, 2000, the appellant was indicted by a Davidson County grand jury, charging in count 1 sale of a controlled substance and in count 3 possession of controlled substance for resale within 1000 feet of a school.[1]

On August 11, 2000, the appellant was arraigned in the Criminal Court for Davidson County, Division I, and, being represented by counsel Glenn Funk, entered a plea of not guilty.

On October 4, 2000, the appellant filed a motion to suppress evidence, and on October 16, 2000, filed an amended motion to suppress evidence.

On December 8, 2000, an evidentiary hearing was conducted on the appellant's motion to suppress evidence, at the conclusion of which the trial court took the motion under advisement.

On January 9, 2001, the trial court entered an order denying the appellant's motion to suppress.

On May 21, 2001, the appellant entered a plea of guilty to counts 1 and 3 of the indictment and received a twenty-one year sentence on each count as a multiple offender. The sentences were ordered to be served concurrently with one another, and the appellant reserved "the suppression issue on count 3 for appeal."

On May 23, 2001, the appellant's trial counsel filed a motion to withdraw as counsel and on that same date, filed a notice of appeal, appealing the trial court's denial of the appellant's motion to suppress evidence.

On June 1, 2001, the motion to withdraw as counsel filed by Mr. Funk was granted by the trial court.

On June 5, 2001, attorney Cynthia Fort was appointed to represent the appellant.

On June 19, 2001, attorney Cynthia Fort filed on behalf of the appellant a motion to withdraw guilty plea.

On August 3, 2001, an evidentiary hearing was held in the trial court on the appellant's motion to withdraw guilty plea, at the conclusion of which, the trial court took the motion under advisement.

On September 5, 2001, attorney Cynthia Fort filed a Motion to Withdraw as Counsel in the trial court.

On September 11, 2001, the motion to withdraw guilty plea was denied by order of the trial court.

On September 19, 2001, attorney Cynthia Fort's motion to withdraw was granted.

On September 26, 2001, the current appellate counsel was appointed to represent the appellant.

---

[1]Count 2 charged co-defendant Thomas Pedigo with possession of a controlled substance for resale.

On October 8, 2001, the appellate counsel filed a notice of appeal, appealing the trial court's denial of the appellant's motion to withdraw guilty plea.

On February 27, 2002, appellate counsel filed in this Court a motion to correct, modify and supplement the record, moving this Court to remand the record for certain corrections and to supplement the record with certain necessary transcripts.

On April 1, 2002, this Court granted the motion to supplement the record with the requested transcripts, but denied that portion of the motion which requested a remand to the criminal court for correction of relevant documents so as to make the appeal of the certified questions conform to the requirements of Tennessee Rule of Criminal Procedure 32(f) and the case of State v. Preston, 759 S.W.2d 647 (Tenn. 1988). This Court's order stated in pertinent part:

> The appellant is attempting to appeal a certified question of law purportedly reserved during a guilty plea hearing. See T.R.A.P. 3(b); Tenn. R. Crim. P. 37(b)(2). The appellate record was filed on February 15, 2002. The appellant has not yet filed his brief. The appellant suggests in his present motion, however, that the final judgment in this case does not comply with the requirements of Rule 37 and State v. Preston, 759 S.W.2d 647 (Tenn. 1988). Accordingly, the appellant requests that this matter be remanded to allow the trial court to prepare and include in the record an order or other document which complies with the requirements of Preston. The appellant also requests that the record be supplemented with transcripts of the suppression hearing and the guilty plea hearing.
>
> Appellant's request to remand is denied. T.R.A.P. 24(e), which governs correction or modification of appellate records, does not contemplate the supplementation of appellate records with matters that were not part of the trial record prior to the filing of the notice of appeal. The appellant in this case seeks to have the record supplemented with a document not yet in existence. Moreover, once the notice of appeal has been filed, the trial court loses jurisdiction over the case. See, e.g., State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996).
>
> However, the court will allow the appellate record to be supplemented with the missing transcripts. The transcripts shall be prepared and filed as a supplement within thirty (30) days from the date of this order. Upon the filing of this supplemental record, the appellant will have thirty (30) days in which to file his brief. Absent extraordinary circumstances, no additional time will be allowed in either instance.

Counsel for the appellant and the state have now filed briefs in accordance with the orders of this Court, and the matter is now before the Court.

<u>Appeal of Certified Question Pursuant to Tenn. R. Crim. P. 37(b)(2)(i)</u>

As noted by counsel in the motion to supplement the record, and as the record reflects, the documents forming the basis of an appeal of a certified question following a plea of guilty pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i) are not sufficient to confer jurisdiction on this Court to review the denial of appellant's motion to suppress. The judgment form merely alludes to an attempt to reserve a certified question concerning the search. The judgment does not contain a statement that the certified question is dispositive, the reasons upon which the trial court denied the motion to suppress, a clear statement of the certified question, or a statement that the question is reserved as part of the plea bargain. There is also no statement in the record that the state and trial judge agree that the certified question is dispositive. Under these circumstances this court has no jurisdiction to consider the merits of the issue concerning the denial of the motion to suppress. <u>See</u> <u>State v. Pendergrass</u>, 937 S.W.2d 834, 836-37 (Tenn. 1996); <u>Preston</u>, 759 S.W.2d at 650. The purported appeal of a certified question following a guilty plea is therefore dismissed.

<u>Motion to Withdraw Guilty Plea Pursuant to Tenn. R. Crim. P. 32(f)</u>

As noted earlier, on June 19, 2001, twenty-nine days following the entry of his guilty pleas on May 21, 2001, the appellant filed a motion to withdraw his guilty pleas based on Tennessee Rule of Criminal Procedure 32(f). That rule provides:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Tenn. R. Crim. P. 32(f). An appeal of right is available from a denial of a Rule 32(f) motion. <u>See</u> <u>State v. Peele</u>, 58 S.W.3d 701 (Tenn. 2000). It can readily be seen that the time during which a trial court has jurisdiction to permit the withdrawal of a guilty plea under Rule 32(f) ends upon the judgment of conviction becoming final. In <u>State v. Hall</u>, 983 S.W.2d 710 (Tenn. Crim. App. 1998 <u>overruled by</u> <u>State v. Green</u>, 106 S.W.3d 646 (Tenn. 2003)), a panel of this Court held that a judgment of conviction becomes final immediately upon entry of an agreed plea of guilty accompanied by a waiver of the right to appeal. <u>See</u> <u>Id</u>. at 711. Relying on <u>Hall</u>, the trial court in the instant case found that it lacked jurisdiction to entertain the motion to withdraw a guilty plea filed twenty-nine days after the entry of the plea.

After the trial court's denial of the appellant's motion to withdraw guilty plea the Tennessee Supreme Court decided the case of <u>State v. Green</u>, 106 S.W.3d 646 (Tenn. 2003). In <u>Green</u> the court

overruled <u>State v. Hall</u> and held that rather than becoming final immediately upon entry of a guilty plea, a judgment of conviction becomes final thirty days after acceptance of the guilty plea. <u>See</u> <u>id</u>. at *3.

Thus, it appears that in the instant case the appellant's motion to withdraw a guilty plea filed on June 19, 2001, was in fact timely and that the trial court did have jurisdiction to consider the motion. For this reason we must remand this case to the trial court for consideration of the Rule 32(f) motion on its merits.

Allegedly Void Sentences

Finally, the appellant with the permission of this Court was allowed to file a supplemental brief wherein he alleges that his sentences are void because they exceed the maximum term to which he could be sentenced. Under some circumstances a plea of guilty involving illegal sentences may invalidate the plea. <u>See, e.g.,</u> <u>McLaney v. Bell</u>, 59 S.W.3d 90 (Tenn. 2001). Rather than address this issue for the first time on appeal, the appellant should amend his Rule 32(f) motion to withdraw a guilty plea to include the allegation regarding illegal sentencing. The trial court may then consider the merits of this claim on remand.

Conclusion

In light of the foregoing the appeal pursuant to 37(b)(2)(i) is dismissed. However, the appellant also filed a notice of appeal from the denial of his motion to withdraw a guilty plea filed pursuant to Tennessee Rule of Criminal Procedure 32(f). That appeal has merit. Accordingly, the judgment of the trial court is reversed with respect to this issue, and the case is remanded for further proceedings in accordance with this opinion.

_____

JERRY L. SMITH, JUDGE