IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 15, 2005

## QUENTIN L. HALL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
No. 96-08414      James C. Beasley, Jr., Judge

No. 2005-00782-CCA-R3-PC  - Filed December 5, 2005

The petitioner, Quentin L. Hall, pled guilty to first-degree murder and was sentenced to life imprisonment with the possibility of parole. Approximately eight years later he filed a petition for post-conviction relief, which the post-conviction court denied. On appeal, the petitioner claims the post-conviction court erred in dismissing his petition as untimely. Because the facts of this case do not warrant tolling the post-conviction statute of limitations, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Quentin L. Hall, T.D.O.C., Whiteville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William L. Gibbons, District Attorney General; and Edgar A. Peterson, IV, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

The following is the chronological background of this case. The petitioner entered a negotiated guilty plea to first-degree murder on November 18, 1996. The same day, he was sentenced to life imprisonment with the possibility of parole and waived his right to appeal. On December 16, 1996, the petitioner filed a motion to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f). While the petitioner's motion was pending, the public defender sent the petitioner a letter on October 7, 1997, then re-sent the same letter, along with a hand-written note on October 20, 1997. The letters warned the petitioner that his pending "Motion to Withdraw

Guilty Plea" did not prevent the statute of limitations from running and encouraged him to file for post-conviction relief. Along with the letter, the public defender enclosed the necessary form for filing the post-conviction petition and informed the petitioner it must be filed by November 17, 1997. The trial court subsequently denied the petitioner's motion to withdraw his guilty plea on January 13, 1998.[1] The petitioner appealed to this Court and on August 28, 1998, we concluded that the petitioner's motion to withdraw his guilty plea was time barred, affirming the trial court. See State v. Hall, 983 S.W.2d 710 (Tenn. Crim. App. 1998) overruled by State v. Green, 106 S.W.3d 646 (Tenn. 2003) (holding that judgment becomes final thirty days after acceptance of the plea and imposition of sentence).[2] In Hall, we held that the judgment became final on the date the petitioner entered the guilty plea and also that the plea need not be withdrawn to prevent "manifest injustice." Hall 983 S.W.2d at 711-12. On September 2, 1998, the public defender notified the petitioner that their office had sought to be removed as the petitioner's counsel and that the petitioner should obtain other counsel or proceed *pro se* on any further appeal. The petitioner did not seek permission to appeal to the Tennessee Supreme Court.

On February 25, 2005, the petitioner filed a *pro se* petition for post-conviction relief. In his petition for post-conviction relief, he alleged that he was denied the effective assistance of counsel. On March 2, 2005, the post-conviction court dismissed the petition as untimely. The post-conviction court found that the statute of limitations for filing a petition for post-conviction relief had expired and the petitioner failed to state a colorable claim for tolling the limitations period. The petitioner appealed.

**ANALYSIS**

In his brief, the petitioner argues that the post-conviction court erred in dismissing his petition for post-conviction relief. While the petitioner raises many issues allegedly entitling him to post-conviction relief, the crux of his arguments is that the public defender, acting as an agent of the State, blocked him from timely filing a post-conviction petition.

We begin our review by noting that a petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred. Tenn. Code Ann. § 40-30-102(a).[3] Time is of the essence in claiming post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition. Id. However, the statute itself does permit the extension of the one-year statute of limitations for (1) claims based on a final appellate court ruling establishing a constitutional right not recognized at the

---

[1]The record is silent as to the reason for the lengthy delay between the filing of the motion to withdraw the guilty plea and the order denying the motion.

[2] We note that our supreme court in Green gave no indication that the thirty day expansion was to be applied retroactively. Accordingly, the petitioner is not entitled to relief based on the status of the law post-Green.

[3] Prior to 2003, this section was numbered 40-30-202.

time of trial but given retroactive effect by the appellate court; (2) claims based upon new scientific evidence establishing the petitioner is actually innocent; and (3) claims seeking relief from an enhanced sentence that was based upon convictions, later determined to be invalid.  Id. § 40-30-102(b).  Additionally, due process requires, in certain circumstances, that the statute of limitations be tolled.  See, e.g., Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Buford v. State, 845 S.W.2d 204 (Tenn. 1992).

In this case, the petitioner filed his *pro se* petition for post-conviction relief more than seven years after the expiration of the statute of limitations.  Also, the petitioner's claims do not fall within any of the three exceptions set forth in Tennessee Code Annotated section 40-30-102(b)(1)-(3), which would excuse the late filing, nor does his petition raise the types of due process concerns that would toll the statute of limitations.  See Sample v. State, 82 S.W.3d 267, 273 (Tenn. 2002) (holding that the statute of limitations was tolled due to a late arising suppression of exculpatory evidence claim); Seals, 23 S.W.3d at 278-79 (stating that the statute of limitations was tolled due to mental incompetence of petitioner); Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995) (determining that grounds for relief arose after the statute of limitations normally would have run); Burford, 845 S.W.2d at 206 (stating that petitioner was unable to file post-conviction claim in one county until conviction in another county had been set aside).

Of the Tennessee Supreme Court decisions addressing the due process concerns that would toll the statute of limitations, Williams v. State, 44 S.W.3d 464 (Tenn. 2001) is the one potentially applicable in this case.  In Williams, the petitioner filed his post-conviction petition nine months after the statute of limitations had expired, alleging that no notification was given by his appointed counsel with regard to the status of his direct appeal, counsel's intent to withdraw, and counsel's untimely application for permission to appeal to the Supreme Court.  Id. at 466.  The Tennessee Supreme Court stated that "[i]f a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently."  Id. at 469.  After reviewing the record, the Williams court noted that the petitioner "might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel."  Id. at 468.  Our supreme court determined that if such misrepresentation existed, then due process might require the tolling of the statute of limitations.  Id. at 471.

However, Williams is distinguishable from this case in several respects.  Unlike the circumstances in Williams, the public defender notified the petitioner that he would not represent the petitioner in pursuing further relief.  The record reflects that prior to and immediately after the petitioner's direct appeal on the motion to withdraw his guilty plea, the public defender informed the petitioner that he would need to obtain other counsel or proceed *pro se* in any further matters.  Also, the public defender informed the petitioner of the statute of limitations for filing for post-conviction relief and gave him the necessary form to file a post-conviction petition.  In addition, the petitioner in this case filed his post-conviction petition more than seven years after the expiration of the statute of limitations; whereas, the petitioner in Williams filed only nine months after the limitations period had expired.

For these reasons, the facts alleged in the petition under review are distinguishable from those in <u>Williams</u>. In our view, the petitioner's reasonable opportunity to seek post-conviction relief expired long before the filing of his petition. Additionally, the petitioner was not under any misconception that the public defender was going to represent him in pursuing post-conviction relief. Therefore, we cannot conclude that due process requires the tolling of the statute of limitations where the petitioner stood idly by for more than seven years before seeking relief. <u>See</u> <u>Burford</u>, 845 S.W.2d at 208. Accordingly, the post-conviction court did not err in dismissing the petition as untimely.

**CONCLUSION**

After review, we affirm the judgment of the post-conviction court.

_____
J.C. McLIN, JUDGE